## LEWIS J. ATWOOD *vs.* NELSON J. WELTON AND OTHERS, EXECUTORS.

New Haven Co., June T., 1889. ANDREWS, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The plaintiff made a note payable to the order of *B*, which *B* agreed to pay when due. He did not pay it and it was taken up by the plaintiff. In a suit against *B's* executors for the amount paid by him, the complaint averred the making of the note for *B's* accommodation, his promise to pay it when due, his failure to do so, the payment of it by the plaintiff, and that his claim had never been paid. The defendants denied only the payment of the note by the plaintiff and his not having been paid the amount by *B*. The court found the facts as alleged in the complaint, but further found that the relations of the parties had become changed since the making of the note, so that it became the duty of the plaintiff to pay it, and rendered judgment for the defendants. Held, on the plaintiff's appeal—

1. That the facts averred by the plaintiff having all been found by the court, judgment should have been rendered for the plaintiff.
2. That the facts upon which the court founded its judgment for the defendants, not having been averred, could not be made the basis for a judgment.
3. That it was no objection that the plaintiff did not make the point in the court below, as it was an error of the court subsequent to the trial, and the plaintiff could not have known that such a judgment would be rendered and was not bound to make an objection in anticipation of it.

An allegation of duty, without averring the facts on which the duty arises, is insufficient.

And the finding of a duty, without the facts, is for the same reason of no avail.

Parties have a right to have the facts appear of record, that they may deny them, and that the question whether they raise the duty may be reviewed.

Where a judgment is rendered in such a case upon facts which do not appear, it cannot be claimed that justice was done and that a new trial for that reason should not be granted, as the court can not know upon what facts the judgment was rendered, and the defeated party would have had no opportunity to deny those facts.

The statute (Gen. Statutes, § 1135 ) provides that no errors shall be considered on an appeal unless it appears on the record that the question was distinctly raised at the trial and decided by the court. Held that the statute was not designed to deprive the court of power to review the main question in a case where the fact that it was made and decided necessarily appears.

The common counts, under the Practice act and the Rules of Practice, can properly be used only in connection with a bill of particulars, and then only that one of them that is applicable to the case. All the others are to be stricken out.

Where a complaint contained the common counts and a special count, and no bill of particulars was filed and the parties went to trial on the special count, it was held that the common counts were in effect stricken out.

[Argued June 11th—decided September 30th, 1889.]

ACTION for money paid out; brought to the District Court of Waterbury and, by appeal, to the Superior Court in New Haven County, and heard before *Fenn, J.*

The complaint contained the common counts and the following special count.

"1. On November 25th, 1882, the plaintiff made and delivered to John C. Booth, late of Waterbury, deceased, his promissory note for $4,000, payable to said Booth or order, three months after date, at the Litchfield National Bank.

"2. It was an accommodation note without consideration, given to said Booth at his request, and upon his promise that he would pay it at maturity.

"3. Said Booth, before its maturity, negotiated said note for value.

"4. He failed to pay it at maturity, and the plaintiff was

thereupon compelled to pay and did pay it on November 7th, 1883.

" 5. On July 29th, 1886, said Booth died, leaving a will appointing the defendants his executors.

" 6. Said will has been duly proved, and the defendants have duly qualified as executors.

" 7. The plaintiff, within the time limited, presented to said executors his aforesaid claim against said Booth's estate.

" 8. On October 1st, 1887, the defendants notified the plaintiff that they had disallowed and refused to pay his claim arising from the aforesaid note.

" 9. The same has never been paid.

" The plaintiff claims $6,000 damages."

The defendants denied the allegations of the common counts and the fourth and ninth paragraphs of the special count, admitting the others. No bill of particulars was filed under the common counts.

The court made the following finding of facts in the case.

On November 25th, 1882, the plaintiff executed and delivered to John C. Booth, the defendant's testate, his two promissory notes for the sum of $4,000 each, payable in two and three months respectively, who indorsed the same, and procured them to be discounted at the Litchfield National Bank, the plaintiff receiving the full proceeds of such discounts.

At the time of the execution and delivery of the notes Booth executed and delivered to the plaintiff the following agreement :—

"WATERBURY, CONN., Nov. 25th, 1882.

" Whereas L. J. Atwood has this day made two notes payable to my order for 4,000 dollars each, for my benefit; said notes are endorsed by me and payable at First National Bank, Litchfield. Now, therefore, on the maturity of each of them, I hereby agree to protect and pay them without cost or expense to said L. J. Atwood.

" JOHN C. BOOTH."

On the 25th day of January, 1883, just before the first of

the notes became due, Booth paid and took up the same. On the 13th day of February the plaintiff repaid to Booth the money so paid by him to take up the note, and made a charge upon his diary against the plaintiff of the interest upon the money from the 25th day of January to the 13th day of February. It was not however shown that the plaintiff was ever requested to pay the interest, or ever knew of the charge. It did not appear what had become of the note after its return by the bank to Booth, but it was not found among the papers left by Booth.

The second note became due on February 28th 1883, and Booth wrote to the bank that the maker of the note desired its renewal and inclosed such renewal note, and requested the bank to send a memorandum of the discount. This was done, and the following day the plaintiff sent his personal check to pay the same. This renewal note became due July 4th, 1883, and the plaintiff requested of the bank a further renewal, which was granted, and the plaintiff paid the discount thereon. This renewal note became due November 6th, 1883. The plaintiff paid the same and the note was returned to him by the bank.

No mention was ever made by the plaintiff to Booth of this note during the lifetime of Booth, who died on the 29th day of July, 1886. The note is lost and cannot be found.

The plaintiff within the six months allowed by the court of probate presented a claim for the amount of the note and interest from the date of payment. It was disallowed, and within four months after notice thereof this suit was brought.

I find from the testimony that notwithstanding the written memorandum made by Booth at the date of the execution of the notes, yet subsequently the relations of the parties changed, whereby it became the duty of the plaintiff to pay the notes, which he did pay, and that they are not valid claims against the defendants. Judgment is therefore rendered for the defendants to recover their costs.

From this judgment the plaintiff appealed.

*S. W. Kellogg* and *L. F. Burpee*, for the appellant.

Every fact put in issue in the case having been admitted or decided to be as claimed by the plaintiff, he was manifestly entitled to judgment in his favor. But the court finds that the note in suit is "not a valid claim against the defendants," because, subsequently to the written memorandum of Booth, "the relations of the parties changed, whereby it became the duty of the plaintiff to pay the notes, which he did pay." Judgment is "*therefore* for the defendants." That is, the judgment for the defendants is given because of the facts stated in the paragraph quoted. But such facts, if they exist, are matter of special defense, or in avoidance, or of defense consistent with the truth of the material allegations of the complaint, and the finding evidently so regards them. It is said that, "notwithstanding" Booth's agreement, the plaintiff "did pay" this note, because it "became his duty" to. No such defense is, however, presented by the pleadings and the issue framed thereby. Such facts were not any part of the matter in controversy. A judgment based upon them is therefore of no force; it is entirely aside from the issues raised in the record. *Powers* v. *Mulvey*, 51 Conn., 432; *Reynolds* v. *Stockton*, 43 N. Jer. Eq., 211; *Duluth Nat. Bank* v. *Knoxville Fire Ins. Co.*, 85 Tenn., 76. That portion of the finding which relates to facts which were not within the issue must be treated as a nullity. *Gaylord* v. *Couch*, 5 Day, 230; *Sanford* v. *Thorp*, 45 Conn., 241; *Rorer Iron Works* v. *Trout*, 83 Virg., 397; *Boone* v. *Chiles*, 10 Pet., 177. Of course we could not have taken an objection to this action of the court on the trial, because it was after the trial, and could not have been anticipated by us. We did claim that upon the evidence we were entitled to judgment, but we could not know what the finding of the court would be.

*G. E. Terry* and *J. W. Alling*, for the appellees.

1. The plaintiff, in his reasons of appeal, says that "on the facts proved and found the court should have rendered judgment for the plaintiff." When the court finds that the note in suit is not a valid claim against the defendants, as

executors of Mr. Booth, it is quite difficult to understand how any other judgment could or ought to have been rendered, and the court must have proceeded on the fact that Mr. Booth, in his lifetime, had discharged his obligation and paid it in some manner. But the plaintiff says that "all the facts upon which judgment for the defendants is found were not in issue in the case." If we understand the issue raised by the pleadings, it is that the plaintiff made and delivered to Mr. Booth a note for $4,000, at the request of Booth, and upon his promise that he would pay it; that Mr. Booth did not pay it at maturity and that the plaintiff was therefore compelled to pay it, and did pay it, and that the same had never been paid to the plaintiff. This the defendants deny, and it raises the precise issue of whether Mr. Booth in his lifetime, or his executors since his decease, have ever paid to the plaintiff the amount paid by him upon the note; and the court having found that there was some transaction between the parties whereby their relations to this note were changed and it became the duty of the plaintiff to pay the notes at maturity, and that he did pay them, and that they are not valid claims against the defendants, it seems to us to effectually dispose of the case, and to justify the court in having rendered the judgment it did.

2. No such question as is now made was raised in the court below. The statute (Gen. Statutes, § 1135,) requires that the record should show that "the question was distinctly raised at the trial." The most that can be claimed is that this defense was variant from that indicated by the answer. But questions of variance are not favored, and must be distinctly raised to be considered. Rules under Practice Act, ch. 14. The frequent decisions to this effect need not be cited. The variance might render the evidence inadmissible, but the objection should have been taken to the admission of the evidence on that ground. If the objection had then been made the defendants might have amended their answer.

3. No injustice has been done the plaintiff. The court

finds as a fact that he has no claim against the estate, and it is purely a technical question which is here raised upon the pleadings, and it does not appear that if the claim had been made in the court below any different result would have been arrived at by the court. The real question was whether the plaintiff had a valid claim against Mr. Booth's estate. The court has found as a fact that he had not. Substantial justice has been done between the parties. This is a well-established reason for not granting a new trial.

CARPENTER, J. This is an action on a money demand. The complaint consists of two counts; the common counts, and a special count. For the second a substituted count was filed, on which the parties went to trial. The substituted count, so far as material, is as follows:—

"1st. On November 25th, 1882, the plaintiff made and delivered to John C. Booth, late of Waterbury, deceased, his promissory note, for $4,000, payable to said Booth or order, three months after date, at the Litchfield National Bank.—2d. It was an accommodation note without consideration, given to said Booth at his request, and upon his promise that he would pay it at maturity.—3d. Said Booth, before its maturity, negotiated said note for value.—4th. He failed to pay it at maturity, and the plaintiff was thereupon compelled to pay and did pay it, on November 7th, 1883. * * * —9th. The same has never been paid."

The defendants denied the fourth and ninth paragraphs; all the others were admitted.

In respect to the fourth paragraph, the court found that the plaintiff paid the note as alleged; but further found that the relations of the parties had changed, whereby it became the duty of the plaintiff to pay the note, that he did pay it, and that it is not a valid claim against the defendants. Thereupon judgment was rendered for the defendants, and the plaintiff appealed.

The first reason of appeal is general and requires no further notice. The alleged error which we have considered

is pointed out in the second and third reasons of appeal, which are as follows :—

" 2d. The facts upon which judgment for the defendants is found were not in issue in the case.—3d. Having decided all the facts in issue in favor of the plaintiff, the court erred in rendering judgment on them for the defendants."

What was the precise issue before the Superior Court ? Counsel for the plaintiff, in their oral argument, tell us that the first count was abandoned. Counsel for the defendants in their brief say—" No claim was made under the first count of the complaint." Aside from the substantial agreement of counsel that the first count is out of the case, the law and the Rules of Practice concur in so regarding it. The first section of the Practice Act provides that " the first pleading on the part of the plaintiff shall be known as the complaint, and shall contain a statement of the facts constituting the cause of action," etc.   Gen. Statutes, § 872. The ninth section provides that " all pleadings shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved," etc.   Gen. Statutes, § 880.   The first section of the Rules of Practice under the head of " Complaint," page twelve, is as follows :—" The form of complaint hereinafter provided, and denominated the common counts, may be used for the commencement of an action, when any of these counts is an appropriate general statement of the cause of action ; but the defendant shall not be required to plead, nor shall any default be taken, until the plaintiff has filed a proper bill of particulars, or such further statement by way either of a substituted complaint or of amendment as may be necessary to show his cause of action as fully as is required in other cases ; and such statement, where the demand is founded on an express contract, whether executory or executed, shall set forth the terms of the contract. Where a bill of particulars only is filed, all the counts not applicable thereto shall be struck out by amendment."

Paragraph second of the first count, or what would have been paragraph two if properly numbered as the statute re-

quires, (§ 880,) is the only portion of the first count which can apply to this case. That is a very general statement of a fact which is applicable to every case of this nature—" The plaintiff * * * laid out and expended said sum for the said' Booth." It is contrary to the spirit of the Practice Act to allow parties to go to trial upon such a general statement, and it will not be presumed that they did so. The common count can be properly used only in connection with a bill of particulars, and then only the count applicable to the case. All others are to be stricken out. Here there was no bill of particulars, the substituted second count containing the " plain and concise statement of the material facts " required by the statute. On that alone the parties went to trial. Hence the common counts were in effect stricken out.

Moreover, there is no fact found here that is applicable to the first count. In saying this we do not refer to conclusions of law. There is a conclusion of law stated as if it was a fact, as we shall presently see ; but every material issuable fact found is embraced in the issue on the substituted second count. This must be so, for the statute requires a plain and concise statement of the facts ; and when such a statement exists, as it does in this case, there can be no occasion for resorting to the general counts.

What then was the issue ? Simply this :—did the plaintiff pay the note when due ? If so, has ·he been repaid ? The finding is explicit that the plaintiff paid the note. That, in connection with the admitted facts, raised an obligation on the part of Booth to repay it. It is not claimed that Booth, or his executors, have ever paid it. Why then is not the plaintiff entitled to a judgment ? The defendants say that he is not, because, they say, that when he paid the note it was his duty to pay it, and he paid it as his own debt. But duty is not an issuable fact, but is a conclusion of law. Hence an allegation of duty, without averring the facts from which the duty arises, is insufficient. For the same reason finding a duty simply, without the facts, is of no avail. Parties have a right to have the facts appear of

record so that the legal question whether they raise the duty may be reviewed. More than that, they have a right to deny their existence, and to be heard on that question. It necessarily follows that they must be averred in pleading, and an issue, either of law or fact, be regularly found. In this case neither facts nor the resulting duty are alleged. The finding of duty is wholly outside of any issue in the pleadings.

" No facts can be proved under either a general or special denial, except such as show that the plaintiff's statements of facts are untrue. Facts which are consistent with such statements, but show, notwithstanding, that he has no cause of action, must be specially alleged." Rules under the Practice Act, sec. 6, p. 16. It is difficult to conceive of a clearer case for the application of that rule.

The nature of the facts, which are the foundation of the supposed duty, does not appear. Counsel for the defendants do not claim that the evidential facts which appear in the finding raise any such duty. In the principal brief they say:—" The fact, however, is so, that between the date of Booth's agreement to pay the note and the maturity of the first note of January, 1883, the relations between the plaintiff and Mr. Booth had become changed, *probably by some transaction in which Mr. Booth had made some settlement with the plaintiff, whereby the burden of paying the notes was shifted on the plaintiff*," etc. In the supplemental brief they say:—" Would it not have been admissible to show that Booth paid Atwood $4,000 before the maturity of the note? In substance that is what was done—what must have been done, in order for Atwood to be obliged to pay the note as his own debt." Thus they admit that the supposed duty must have arisen from some such fact as they have suggested. If so, the fact should have been alleged under the rule quoted above.

The evidential facts referred to have more or less tendency to prove the existence of some such fact; but they do not of themselves directly raise the duty found by the court. That the plaintiff repaid to Booth the money paid by him

to take up the first note, that he paid the interest on the renewal of the second note, that the plaintiff requested one of said renewals, that he never mentioned to Booth the fact that he had paid the second note, that said note is lost, and the like,—would have had more or less weight as tending to prove such ultimate fact, but they do not of themselves raise the duty found by the court. We conclude therefore that the court, having found all the facts in issue in favor of the plaintiff, erred in rendering judgment for the defendants.

The defendants' counsel however suggest that the record does not show that the question was made and decided in the court below. The statute, § 1135, is as follows:—" But no errors shall be considered on an appeal unless they are specifically stated in the reasons of appeal, and unless it also appears on the record that the question was distinctly raised at the trial, and was decided by the court adversely to the appellant's claim."

We are not disposed to disregard that statute or impair its usefulness. There are some questions of evidence, and some other minor or incidental questions, which may be involved in a case, but which are not necessarily so, to which the statute more particularly applies. Such questions will not be considered unless it affirmatively appears that they were in fact made and decided in the court below. But it was not the design of the statute to deprive the court of the power to review the main question in the case, and to correct any errors therein, when it necessarily appears that it was made and decided. In such cases an express declaration to that effect is unnecessary.

In this case the pleadings concede that if the facts are as stated in the complaint the plaintiff is entitled to a judgment. Otherwise a demurrer would have been the proper answer. The court below found those facts as alleged, but upon a conclusion of law from facts not stated in the pleadings, and which do not appear in the finding, rendered judgment for the defendants. That action of the court the plaintiff could not have anticipated. It was an error in the

proceedings subsequent to the trial; an error in the court in rendering judgment. The plaintiff was not bound to object in anticipation of such a result.

Besides, his general claim, that upon the facts he was entitled to a judgment, necessarily includes the question now under consideration. So we think it sufficiently appears that the question was made and decided in the court below. Any other construction of the statute may deprive a party of a remedy to which he is clearly entitled, and result in manifest injustice.

It is further suggested that manifest justice has been done, so that the error is immaterial; and that, under the statute and the practice, the court will not reverse the judgment.

It is quite possible that the error was in the process of arriving at the result rather than in the result itself. But we cannot know that it is so. The law will not say that it was impossible for the plaintiff to have explained the unknown facts from which the conclusion was drawn, so as to have destroyed the conclusion. He has had no opportunity to do so. He has been practically denied his day in court. Hence injustice may have been done.

For these reasons a majority of the court are of the opinion that there is error in the judgment, and that it must be reversed and a new trial ordered.

In this opinion the other judges concurred, except AN-DREWS, C. J., who dissented.