## FRANK J. ATCHISON *vs.* JOSEPH ATCHISON.

Second Judicial District, Norwich, October Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

Under the common counts, supplemented by a bill of particulars, the plaintiff sought to recover, among other items, for the reasonable worth of several months' board furnished the defendant, and the sum of $50 for money paid on his behalf for legal expenses. The defendant, having pleaded a general denial and payment, testified that it was expressly agreed that the price of the board should be $8 per month, and that his share of the legal expenses should not exceed $25; and that for these items he had fully paid the plaintiff. He also offered in evidence two receipts, one for " one month's board, $8," and one " in full in regard to $25. R. M. Douglass bill," as applicable to these items respectively, and requested the court to charge the jury that if they should find the said sums were paid by the defendant in full of the plaintiff's claim, they might then treat them as payments in full, under the pleadings. The court did not so charge, but instructed the jury that the receipt for $8 was not in terms a receipt in full, but might be considered as evidence tending to show the agreed price of board as claimed by the defendant, and thus indirectly to prove pay-

ment in full as to this item, as claimed by him; and that the receipt for $25 was not in itself a receipt in full, but that said sum if found to have been paid and received in full for the defendant's share of the legal expenses, either as agreed upon, or in the absence of any agreement, would establish the defendant's claim of payment, as respects that item. *Held* that the defendant had no just cause of complaint.

In order to make a receipt admissible to prove not only payment of the sum therein indicated, but also an accord and satisfaction, or to have it operate as a release or discharge, such accord and satisfaction, or such release and discharge, must be specially pleaded.

Where an instruction to the jury, once correctly and fully given, is equally applicable to another and similar claim in the case, the failure of the trial court to repeat it in full with reference to such other claim, cannot avail the losing party, if it is apparent from the whole charge that the jury could not have failed to understand their right and duty in the premises.

[Argued October 15th—decided November 22d, 1895.]

Action to recover for board and lodging and money paid, brought to the Court of Common Pleas in New London County and tried to the jury before *Noyes, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*S. H. Thresher*, for the appellant (defendant).

I. The jury were misled by the charge of the court relative to the receipt for board. It was not disputed, and in itself shows that the plaintiff's claim for $4 per week for board was not well founded, but that there was a price fixed by the *month*, and that the plaintiff had receipted for the payment of the board of the defendant for the *last month* he resided at his house. The court should, therefore, have charged as requested by the defendant.

II. The receipt for $25 is in form and by its very terms *in full*, and in full of the account of R. M. Douglass; and the jury should have been instructed to so treat it. They were certainly misled by the charge of the court when told that "under the pleadings in this case, and from its form I charge you that such a receipt is not a receipt in full," etc. In effect, the jury were permitted by the charge to credit these specific payments made for specific purposes, as a gross

amount of $30 to be applied generally upon the plaintiff's account. There is nothing in the pleadings to prevent this receipt from being considered by the jury as in full, and they should have been so instructed by the court. *Elting* v. *Sturtevant*, 41 Conn., 176; *Aborn* v. *Rathbone*, 54 id., 446; *Gates* v. *Steele*, 58 id., 316; 19 Amer. & Eng. Ency. of Law, 1120, 1122, 1124 and authorities there cited.

*Donald G. Perkins*, for the appellee (plaintiff).

I. The court properly declined to charge in the language of the defendant's request, for it was vague and misleading, and based upon a claim of fact not in evidence. There was no evidence that the payments were made *in full* of the plaintiff's *claim*. Yet the request is that the $8 payment was a discharge, not only of the board claim but also of all the other items of the plaintiff's claim, and the same also as to the $25 payment. There was no evidence that the amounts were tendered and received in full of an unliquidated claim. The claim was entirely as to the effect of the receipts. The payments were admitted by the plaintiff and credited on the bill of particulars.

Under the pleadings, the receipt was admissible solely to prove the payment, and not as evidence of accord and satisfaction or as a release. As such, they should have been specially pleaded. Practice Act, 16, Rule IV., § 6.

II. The charge, as actually given on these receipts, was correct and sufficiently favorable to defendant. The jury were told that the $8 receipt was evidence tending to show the agreed price of board, and if the amount stated was paid and received in full of a month's board, whether an agreed price or not, then it was a defense to such item. The charge as to the effect of the $25 payment, was more favorable to the defendant than it should have been. The claim, for $50 paid out for the defendant at his request, was a liquidated claim, and the payment of $25 in full of it would not discharge it, and an accord and satisfaction, or a receipt in full, to have that effect must have been pleaded.

The receipt is not a receipt in full. It is just as it reads,

"in full in regard to $25.00." It was intended, and is a receipt of a sum of money toward that particular account.

III. Even though there were error as to this item of $25—or any one of the separate small items—there should not be a new trial; for the error, if any, can be corrected by remitting the item. *Smith* v. *Brush,* 11 Conn., 368; *Baldwin* v. *Porter,* 12 id., 485; *Collender* v. *Cosgrove,* 17 id., 33; *Cook* v. *Loomis,* 26 id., 486–7; *Trischet* v. *H. Ins. Co.,* 14 Gray, 458; *Doyle* v. *Dixon,* 97 Mass., 213.

FENN, J. The complaint in this action is in the form denominated "the common counts," supported by a bill of particulars containing nine items aggregating $158.97. One of the items was for 23½ weeks' board, from April 17th to September 28th, 1894, at $4. Another item was for money paid for legal expenses for the defendant—$50—which, as alleged, he agreed to repay.

The answer was *first,* a general denial; *second,* a plea of payment in these words: "The defendant has paid and satisfied any claim of the plaintiff, arising out of the matters mentioned in his said complaint." The case was tried to the jury, which rendered a verdict, accepted by the court, in favor of the plaintiff for the full amount of his claim, that is to say, the aggregate of his bill of particulars less $33, which the plaintiff had credited on said bill as cash received at sundry times.

The reasons assigned for the defendant's appeal relate entirely to the charge of the court to the jury. A brief statement of facts is necessary for a proper understanding of the claims made. In relation to the item for board, the plaintiff offered evidence to prove that he furnished board and lodging for the defendant as charged in the bill of particulars, at the defendant's request; that there was no agreed price, but that such board and lodging were reasonably worth $4 per week, and $94 for the whole time; and that the defendant had paid only $8 on account thereof. The defendant, on the other hand claimed, and offered evidence to prove, that he went to board with the plaintiff, who was his sister's husband, under

an agreement that the price of board and lodging should be $8 per month; that he paid $8 on the first days of June, July, August and September, 1894; and that at the time of the September payment he received a receipt signed by the plaintiff, reading as follows: " Received of Joseph Atchison for one month's board $8."

In regard to the item of $50 in the bill of particulars, the plaintiff claimed and offered evidence to prove, that he paid an attorney $50 for the defendant, under an agreement that they should share equally in the expenses of certain litigation concerning an estate in which they were both interested; that such expenses amounted to $100, and that the defendant had only reimbursed him $25 on account of his share. The defendant claimed and offered evidence to prove, that he never agreed to share equally in the aforesaid legal expenses, but that he agreed to pay $25 only, towards them, and that he paid to the plaintiff such sum and received a receipt from him reading thus: "September 1, 1894. Received from Joseph Atchison in full in regard to $25_{\overline{000}}$ dollars, R. M. Douglass bill."

The defendant requested the court to charge the jury: " If the jury find that these payments shown by the two receipts, . . . were in fact paid by the defendant in full payment of the plaintiff's claim, they may treat such payments as in full discharge and satisfaction of the plaintiff's claim, under the pleadings in this case." The court, instead, charged the jury that " the receipt for $8 is not in terms a receipt in full, but you may properly consider it as evidence of payment of such sum, and as evidence tending to show the agreed price of board. And also if you find as a fact that the sum of $8, as evidenced by this receipt, was paid and received in full of a month's board, either as being the agreed price or in the absence of any agreed price—then you should find the defendant's defense of payment, so far as it respects this item, established.

" In regard to the receipt for $25: Under the pleadings in this case and from its form, I charge you that such receipt is not such a receipt in full or release as, in itself in the

absence of fraud or mistake, operates as a bar to the plaintiff's claim for $50. But if you find as a fact that the sum of $25 as evidenced by such receipt, was paid by the defendant and received by the plaintiff in full payment of the defendant's share of the expense of said litigation—as such share had been agreed upon, or in the absence of any previous agreement concerning such share—then you should treat such evidence as establishing the defendant's claim of payment as respects this item."

That error cannot be found from the failure of the court to charge the jury precisely as requested by the defendant, is evident.

It appears from the record that as to the other items in the bill of particulars, in addition to those of $94 and $50 respectively, no claim was made or evidence offered by the defendant that the payments evidenced by the receipts were intended to extend to pay or discharge them. The defendant's defense as to such other items was based on entirely distinct and independent grounds. It would therefore have been incorrect to instruct the jury that such payments might, in case they found something neither claimed nor offered to be shown in evidence—namely, that these payments were paid in full of the plaintiff's claim—be treated in full discharge and satisfaction of such claims.

More than this, in order to make a receipt admissible to prove not alone payment of the sum indicated, but also accord and satisfaction, or to operate as a release or discharge, such accord, satisfaction, or release, "must be specially pleaded." Rules of Practice, 58 Conn., 566, § 6. This requirement rests upon the principles stated in *Atwood* v. *Welton*, 57 Conn., 522, 523.

It appears that neither the receipts nor the amount of payments evidenced by them, aggregating $33, the sum credited upon the plaintiff's bill of particulars as filed, were disputed. But, concerning the receipt for $8, the defendant asserts that it showed " that the plaintiff's claim for four dollars per week for board was not well founded, but that there was a price fixed by the month; and that the plaintiff had receipted

for the payment of the board of the defendant for the last month he resided at his house." The defendant treats his request to charge, above quoted, as amounting substantially to this statement, and insists that the jury should have been so told.

It seems to us that the charge made upon this point is unexceptionable. The jury were, as we have seen, instructed that while the receipt was not *in terms* a receipt in full, as clearly is the case, it might properly be considered not only as evidence of the undisputed fact of the actual payment of the sum named, but also as evidence (bearing of course in favor of the defendant) upon the disputed question as to whether there was any agreed price for board. The jury was then told that whether there was an agreed price or not, if the $8 evidenced by the receipt was paid and received in full for a month's board, they should "find the defendant's defense of payment, so far as it respects this item, established." Certainly, we think, if any criticism can be made relating to the accuracy of this portion of the charge, the defendant is not, as the party aggrieved thereby, the one to make it.

Finally, we think that part of the charge relating to the receipt for $25 should also be supported. That such receipt could not, in itself, under the pleadings in the case, operate as a bar to the plaintiff's claim for $50, is clear. The accompanying statement of the court that it could not so operate, on account of its form, is of more doubtful accuracy. But, granting it to be incorrect, this addition of a wrong ground for a right result could not, we think, have injured the defendant. It would only have done so if it caused the jury to understand that, in the opinion and under the instruction of the court, they could not consider this receipt as evidence tending to prove the correctness of the defendant's contention as to the transaction itself, or to disprove the plaintiff's. But we think they could hardly have so understood, especially as the court had just before, in far more explicit language, declared the first paper "not in terms a receipt in full," and added, in the same context and sentence, the declaration that it was properly to be considered in evi-

dence for the purpose for which the defendant claimed the receipts to be such. It can scarcely be doubted that, without repetition of the statement, the jury understood the same rule would apply here. Then the court, as we have seen, added in the same words as it before used in reference to the other receipt, barring necessary changes, that if the jury found as a fact that the sum of $25, as evidenced by this receipt, was paid by the defendant and received by the plaintiff in full payment of the defendant's share of the expense of the litigation, whether with or without previous agreement concerning such share, such evidence established the defendant's claim of payment as respected this item.

Taking the charge together, considering the language as a whole, we think the jury could not have failed to comprehend their right and duty in the consideration of the paper in question as evidence.

There is no error.

In this opinion the other judges concurred.