JAMES R. WILLISTON ET AL. *vs.* WILLIAM C. HAIGHT.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Whether a deed executed and delivered in blank, as respects a grantee, and which is afterwards filled in with the name of a third person, can pass any title at all, *quære.*

While this court undoubtedly has the power to consider questions of law not raised in the court below, it will not exercise such power in ordinary cases.

Claims of law based upon unwarranted assumptions of fact cannot affect the judgment.

A ruling excluding a question as improper cross-examination, will be sustained unless the record shows that it was erroneous under the circumstances.

In an action to foreclose a mortgage given to a broker as security for stocks purchased and carried by him for the defendant, the latter was asked upon his direct examination whether he had " ever been sold out" under such circumstances as existed in the present case. *Held* that this was properly excluded as irrelevant.

Argued January 20th—decided March 3d, 1904.

VOL. LXXVI—32

ACTION to foreclose a mortgage of real estate given as security for a balance due for purchases of stock, brought to and tried by the Superior Court in Fairfield County, *Case, J.*; facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *No error.*

*Curtis Thompson,* for the appellant (defendant).

*Howard H. Knapp,* for the appellees (plaintiffs).

TORRANCE, C. J. The plaintiffs are James R. Williston, Robert L. Ide, Winthrop H. Barnes and Thomas B. Atkins, all of New York, copartners, under the firm name of J. R. Williston and Company, engaged in the banking and brokerage business in New York City; and the defendant is a resident of that city.

The property sought to be foreclosed is in the city of Bridgeport in this State.

The complaint as amended alleges the following facts: On the 9th of October, 1901, the defendant owed the plaintiffs $10,000 for stocks purchased by them for his account, and for interest due on said purchases. On the 2d day of October, 1901, the defendant delivered to the plaintiffs a quitclaim deed of a piece of land in Bridgeport, Connecticut, bounded and described as set forth in the complaint, " which deed, although dated on the 27th day of June, 1898, and executed in blank at that time, was not delivered until the 2d day of October, 1901, when the name of James R. Williston, one of the plaintiffs, was written in said deed as the grantee, and said James R. Williston received and accepted said deed for and in behalf of the plaintiff firm of which he is a member." Said deed, although an absolute conveyance of the fee upon its face, was in fact in equity a mortgage, and given to secure the plaintiffs for the indebtedness that they held against the defendant. At the time of the delivery of said deed to James R. Williston said premises were subject to a mortgage of $10,000, to Thomas F. Martin. Said claim and indebtedness of the plaintiffs against the de-

fendant is still held and owned by the plaintiffs, and is due and unpaid. The defendant is now in possession of said premises. The prayer for relief claimed, among other things, "a decree adjudging said conveyance to be a mortgage for the security of said indebtedness, as alleged in the complaint."

The answer admitted that the plaintiffs were bankers and brokers engaged in business as alleged in the complaint; the existence of the mortgage to Martin; and that defendant was in possession of the mortgaged premises. It denied the indebtedness due from the defendant to the plaintiffs as alleged; and it also denied the giving and delivery of the deed by the defendant to the plaintiffs, and that the same was in equity a mortgage to them, as alleged in the complaint, "except as hereinafter (*i. e.* in the answer) admitted." The answer then set up the following facts: On June 21st, 1898, one Charles R. Clarke conveyed the mortgaged premises by an absolute warrantee deed to one Francis W. Marsh, to secure a loan of $600, then made by said Marsh to the defendant. "On June 27th, 1898, said Marsh having been paid said $600, executed said quitclaim deed, leaving the name of the releasee in blank, and delivered the same to the defendant. On or about September 30th, 1901, the plaintiffs, who had for some time prior thereto been engaged in buying and selling stocks on a margin for the defendant, and who then held stocks, and securities therefor, for him, agreed with the defendant to carry the stocks then held by them, and also 300 shares of other stocks which they then advised him to buy, and which they bought, being the same as described in the bill of particulars, for a period of thirty days at least thereafter, and until they gave him reasonable notice, subject to his right at any time to have said stock sold by them at his direction and for his benefit, in consideration that he would give to them said quitclaim deed as collateral security for whatever sum should be found due upon striking an account from him to them; and thereupon he accepted their proposition, and performed his part of said agreement, by filling in the blank in said deed

with the name of James R. Williston, and delivering said deed to him for the plaintiffs, to be held by them pursuant to said agreement. The plaintiffs, in violation and breach of their said agreement, before the expiration of the time for which they had agreed as aforesaid to carry said stocks for the defendant, without giving him reasonable notice, without any direction thereto from the defendant and without his knowledge or assent, and in violation of his rights, between the 2d and the 11th days of October, 1901, sold and conveyed the said stocks."

The defendant also, by way of counterclaim, claimed damages, caused, as alleged, by the breach of the agreement set up in the answer. In reply the plaintiffs denied in effect the new matter set up in the answer, and the allegations of the counterclaim.

The material facts found by the court below are the following : The defendant became a customer of the plaintiff firm in August, 1901, and in the following month of September the condition of the market was such, and the depreciation in the securities purchased for account of the defendant was such, that in accordance with their arrangement with him the plaintiff firm called for a cash margin from the defendant, who turned over to them one bond, par $1,000 (real value $980) as security, and seven bonds, par $1,000, but which were then in fact and still are valueless. During the latter part of the same month the market continuing to fall off and the securities purchased for the defendant still shrinking in value, the plaintiff firm called upon the defendant for further margin. The defendant not having the ready money told the plaintiff firm that he expected to be able to raise it within a day or two, but that he would and did in fact, on September 30th, 1901, deliver to them the quit-claim deed (foreclosed in this action) as security for his account. The defendant was again notified that the necessary cash margin must be paid by October 2d, at two o'clock, or the brokers would be compelled to sell in the market the securities being carried for him. Such sale was not made on that day, however, but as the promise of the defendant made

on the day named for the sale was not realized, and the plaintiff firm having found that the property described in the deed was subject to a mortgage of $10,000, and not free of incumbrance as represented by the defendant at the delivery of the deed, on the 8th day of October sent a written notice to the residence of the defendant in New York City, that the necessary margin, amounting to $18,000, must be paid by noon of October 9th, or they would be compelled to sell the securities; and not hearing from the defendant, such a sale was had on October 9th and the avails thereof credited to the account of said defendant, who, after such credit, owed the plaintiff firm the sum of $9,317.57.

All of the steps taken by the plaintiff firm as to the manner of giving notice to the defendant of the required cash margin, and in the time of the giving of such notice, and in the time given the defendant in which to comply with such notice, and of the holding of such sale, were in all respects in accordance with the customs and usages of brokers with their marginal customers, of whom the defendant was one. "The defendant, upon the trial, conceded that the deed in question was in fact, in equity, a mortgage deed, given to secure the plaintiffs for their claim against the defendant for 'margin,' but the parties were at issue as to the precise nature of the transaction of September 30th, 1901, the defendant claiming that the plaintiff, in accepting the said deed as security, agreed to carry the defendant's account for thirty days from that time, during which time he should get the required cash margin. The plaintiffs claimed on the other hand that there was no agreement whatever, on their part, to carry the account of the defendant for thirty days or any other period of time, and no agreement other than that stated in this finding; and I find as a fact that the plaintiffs' claim as to what occurred on September 30th is true as above set forth."

On this appeal the defendant says the court below erred in rendering judgment upon the complaint, in overruling certain of his claims of law, and in two rulings upon evidence. The following are the reasons of appeal: "1. The

complaint does not warrant the judgment: (*a*) Because it does not appear in the complaint that the plaintiffs, as described therein, have the legal or any title to the real estate sought to be foreclosed, and it does appear that only one of the firm, viz : James R. Williston, has the legal title or any title to said real estate. (*b*) Because it does not appear in the complaint that the defendant has the legal or any title to the said real estate, or any interest therein. (*c*) Because it does not appear in the complaint that the defendant is the owner of the equity, or has the right of redemption, in said real estate. 2. In rendering the judgment upon the allegations of the complaint, and the facts set forth in the finding, because of the want of title in the plaintiffs and in the defendant. 3. In overruling the claims of law stated in the last paragraph of the finding and numbered 1 to 11, inclusive. 4. In rejecting the testimony of one Brewer, and of the defendant, as stated in the finding."

The first and second reasons of appeal may be considered together. They attack the sufficiency of the complaint in this, that it does not show title to or right in the land in question in either plaintiffs or defendant. The answer admits that the deed in question was delivered to and accepted by the plaintiffs after filling the blank left for the name of the grantee with the name of James R. Williston, pursuant to an agreement between the plaintiffs and the defendant; and the main defense set up rests upon the assumption that this deed, in the shape thus given it, was a valuable security in the plaintiff's hands. Neither party now questions, or has ever questioned, the validity of the deed as a conveyance to James R. Williston. The defendant in his reasons of appeal asserts that he has no title to the granted premises, and that the title is not in the plaintiffs but only in one of them individually. We are therefore not called upon to determine whether the deed was, in law, such as to pass any title at all. Neither that question, nor the one which these reasons of appeal present, was made before the trial court, and for that reason this court is not bound to consider them upon this appeal. General Statutes, § 802; *Cooley* v. *Gillan*, 54

Conn. 80, 82; *Mullen* v. *Reed*, 64 id. 240, 247; *Gustafson* v. *Rustemeyer*, 70 id. 125, 134. The defendant not only did not raise any such question in the trial court, but he conceded that the deed to Williston was, in equity, a mortgage which he gave to the plaintiff firm through Williston to secure his indebtedness to them, and he admitted that he was in possession of the mortgaged premises.

The only real dispute between the parties in the court below was in relation to the nature of the transaction of September 30th, 1901, in which the mortgage was delivered. The defendant claimed that when the plaintiffs accepted the deed they agreed to carry defendant's account for thirty days from that time; while the plaintiffs claimed there was no agreement of that kind, nor any agreement other than that stated in the finding. The court found the fact in regard to this matter to be as claimed by the plaintiffs. Undoubtedly this court possesses the power to consider questions appearing upon the record but not raised in the court below; *Atwood* v. *Welton*, 57 Conn. 514; but we do not think the present case is one calling for the exercise of such power.

The defendant next claims that the court erred in overruling certain claims of law made by him in the court below. These claims, eleven in number, so far as they are properly claims of law, are each based upon the assumption that the plaintiffs agreed to carry the defendant's account for thirty days after they received and accepted the mortgage, as the defendant claimed during the trial; but the court has found that there was no such agreement, and consequently the assumption is wholly unwarranted by the record. The defendant does not seek to have that finding reviewed upon this appeal, and it is therefore conclusive upon this matter. The facts upon which the claims of law were based did not exist, and the court did not err in rendering judgment " notwithstanding said claims."

In the last reason of appeal the defendant complains of two rulings upon evidence. This assignment is not alluded to in his brief. One of the questions was excluded apparently on the ground that it was not proper cross-examina-

tion. There is nothing to show that the court erred in excluding it. The other question, asked of the defendant, as to whether he had ever before "been sold out under just such circumstances as Williston sold you out on October 9th," was properly excluded as calling for irrelevant matter.

There is no error.

In this opinion the other judges concurred.