ANTHONY SABAS *vs.* FRANK D. GREGORY.

Third Judicial District, New Haven, June Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Facts found but not averred cannot be made the basis of a judgment.
A defendant who disproves the material allegations of the complaint is entitled to judgment.
One who wrongfully refuses to take the article which he has contracted to buy, can recover money paid therefor only in so far as such payment exceeds the difference between the contract price and a lower market value or price of the article plus such reasonable expense as may have been caused to the seller by the buyer's breach.

Argued June 13th—decided July 27th, 1916.

ACTION to recover damages for an alleged breach of contract to deliver a certain automobile to the plaintiff, or to recover damages for the defendant's wrongful refusal to return to the plaintiff $400 of the purchase price paid by him therefor, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $412, and appeal by the defendant. *Error and cause remanded.*

*Robert L. Munger,* for the appellant (defendant).

*Bernard E. Lynch,* with whom was *Frederick M. McCarthy,* for the appellee (plaintiff).

WHEELER, J. The appeal is predicated upon the alleged error in rendering judgment for the plaintiff upon the facts found, and upon facts at variance with the allegations of the complaint. The complaint sets up that the defendant agreed to purchase for the plaintiff a Regal automobile of the model for the year 1914 or 1915, for $775, that the plaintiff paid on account of the purchase price $400, and demanded that the defendant deliver to him said automobile, but the defendant refused so to do or to return the $400.

The cause of action is one in contract. As the terms of payment are not specified they must be taken as of the date of delivery. The failure to allege a tender or equivalent facts, made the complaint defective, but no criticism of it is made upon this ground.

The finding recites that the defendant agreed to purchase for the plaintiff a Regal 1912 car, upon the agreement of the plaintiff to pay therefor $775, as follows: $400 at the date of purchase by the defendant, and the balance at the rate of $35 a month, and that the plaintiff further agreed to have a responsible party sign, as security for the unpaid purchase price, the agreement to purchase, before delivery should be made, and thereupon the contract of purchase should be complete. The plaintiff claimed that the car which he agreed to purchase was a 1914–15 model and not the 1912 model contracted for, and notified the defendant that he would not take the 1912 car, and demanded a 1914–15 car or the return of the $400. Thereupon the defendant said to the plaintiff he would neither get the car nor the money. The defendant thereafter made no offer or effort to deliver the car or to return the money to the plaintiff.

The subject of the contract, as found, and its terms, differed from that alleged. And the plaintiff is found to have first breached the contract made.

Sabas *v.* Gregory.

Under the facts as found, when properly alleged, the plaintiff would be required to pay for his breach the difference between the contract price and the market value of the car, plus such reasonable expense as the defendant has been put to and which was fairly within the contemplation of the parties, and should receive back the $400 paid by him. In this case it appears from the memorandum of the judge that no claim for damages was made by the defendant, and in the absence of such claim the court was not incorrect in its conclusion that the defendant could not retain the automobile and the amount paid on the purchase price. The question of the defendant's damage was not an issue in the case. The defendant was not obliged to set off his damage or claim it; he was entitled to disprove the allegations of the complaint, and this he appears to have done, since no substantial allegation of the complaint is found proven.

Facts found but not averred cannot be made the basis of a judgment. *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 378, 35 Atl. 266; *Atwood* v. *Welton*, 57 Conn. 514, 18 Atl. 322.

There is a fatal variance between the allegations and the proof.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.