FOURTH CONGREGATIONAL CHURCH, INCORPORATED, *vs.*
BOARD OF STREET COMMISSIONERS OF THE CITY
OF HARTFORD.

LOUIS SCHREIBER, INCORPORATED, *vs.* SAME.

EIDEL SUDARSKY ET AL. *vs.* SAME.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued December 8th, 1932—decided February 28th, 1933.

*Lucius F. Robinson, Jr.,* for the appellant (defendant).

*Willis G. Parsons,* with whom was *Charles Welles Gross,* for the appellee (plaintiff Fourth Congregational Church, Incorporated).

*Reuben Sudarsky,* for the appellees (plaintiffs Sudarsky).

*Aaron J. Palmer,* for the appellee (plaintiff Schreiber, Incorporated).

MALTBIE, C. J. These are appeals from an appraisal of damages and assessment of benefits for widening a portion of Albany Avenue in the city of Hartford and all present the same question. The improvement involved the establishment of new street, building and veranda lines, but we are only concerned with the establishment of the new street line. This was set back from the old line so as to include within the street fourteen and one half feet of land across the properties of the appellants. On the land owned by the Church which was taken are certain trees, a sidewalk, and some steps leading up to a higher level of ground which would have to be rebuilt if the present grade of the street were carried back to the new street line, and if this were done it would also be necessary to reterrace the land not taken or to build a retaining wall. On the land of Schreiber, Incorporated, which

was taken was a concrete sidewalk, and on the land of
the Sudarskys was a large tree and some shrubs. The
city authorities in making the appraisal of damages to
the appellants did not consider these trees and walks
or the cost of adapting the land of the Church to the
present grade of the street. On appeals taken to the
judge of the Court of Common Pleas the matter was
referred to a committee who reported that, if the
appellants were entitled to have these elements con-
sidered, the damages due them should in each instance
be increased by certain amounts. The judge accepted
the report, held that these elements were to be con-
sidered and gave judgment increasing the appellants'
damages accordingly. From this decision the city has
appealed.

The position of the city is not that it would be im-
proper to consider the elements of damage referred to
if this were the ordinary case of a widening of the
street, but that they are not to be considered in this
instance because of certain action taken by the board
of street commissioners of the city. The charter of the
city gives to its court of common council "exclusive
power to lay out, make and establish within said city,
new highways, streets, public parks, and walks, . . .
or to alter the lines or location of those already laid
out, and discontinue the same." 6 Special Laws, 314;
14 Special Laws, 853. The charter provides for a
board of street commissioners, gives it certain powers
not germane to the issues involved in these appeals and
also vests it with power to act as a court for the assess-
ment of benefits and the appraisal of damages, with
the proviso that the common council shall have power
to prescribe by ordinance the manner of proceeding in
such assessments and appraisals. The charter pre-
scribes the method by which public improvements
shall be undertaken by the city; this involves the

reference by the court of common council to the board of street commissioners of any vote or resolution proposing the lay out or construction of the improvement, an ascertainment by the board of the cost of construction, an appraisal of damages and an assessment of benefits by it, an opportunity for an appeal to the judge of the Court of Common Pleas for Hartford County, a report by the board to the common council and, if the common council decides to do so, a vote by it directing the lay out or construction of the improvement; and provision is made for proceeding with the improvement even though appeals from the appraisal of damages or assessment of benefits are pending. 8 Special Laws, 111; 17 Special Laws, 977; 18 Special Laws, 865. The court of common council is given power to enact ordinances providing for the election and prescribing the duties of the board of street commissioners. 5 Special Laws, 323.

Acting under the powers given it to enact ordinances concerning the performance of its duties by the board of street commissioners, the common council has prescribed in detail the duties of the board with reference to public improvements and the way in which it shall act. Whenever a vote or resolution is offered in the common council, that vote or resolution must state the general character and description of the improvement but need not contain definite measurements, courses or termini. The vote or resolution is then to be referred to the board of street commissioners to make an appraisal of damages and assessment of benefits; the board, when that has been done, reports back to the common council and in that report it is required to incorporate a written descriptive survey of the proposed improvement and a vote, resolution or ordinance to carry it out, fully describing it; and this vote the common council may adopt or alter except that it may not

so change it as to take a greater interest in land or cause a greater damage by the change of grade of a highway than that involved in the report of the board.

The resolution for the change in street, building and veranda lines upon which the assessment proceedings involved in these appeals were based came before the court of common council and was referred to the board of street commissioners to take the necessary steps for the lay out and establishment of the new lines. The vote contained a definite description by courses and measurements of these lines, but no limitation upon the nature of any easement to be acquired in the land affected by them. The board proceeded to make an appraisal of damages and assessment of benefits and in connection with its proceedings it passed the following vote: "In making assessment for establishment of new street, building and veranda lines on Albany Avenue . . . this board contemplated that certain technical encroachments will be created by the establishment of these new street, building and veranda lines. It is intended, however, that these technical encroachments which will be created may remain during the pleasure of the property owner but cannot be added to. Furthermore, if said technical encroachments are ordered removed by this board, a sum sufficient and equitable is to be awarded to the owner for that purpose after hearing or conference thereon. It is also understood that all future construction shall be in conformity with the newly established street and building lines." The board reported its appraisal of damages and assessment of benefits to the common council, incorporating by reference the resolution establishing the lines which had been referred to it, but making no reference to this vote. The common council thereupon passed a resolution accepting and ap-

proving all the proceedings described in the report, which had been taken by the board in the matter, and establishing street, building and veranda lines, "irrespective of appeals."

It is only necessary to point out one consideration which is determinative of these appeals. The charter gives the board of street commissioners no power to limit the nature of the easement taken for a street improvement, nor do the city ordinances, even if such power might be conferred on it by ordinance. Any such power, if the city has it, rests in the common council alone. The vote of the board was entirely ineffective to qualify the easement in the land taken and to limit the award of damages or assessment of benefits in the way it attempted to do. That vote was not reported to the common council nor approved by it. The judge of the Court of Common Pleas was correct in disregarding it.

We do, however, point out two other important considerations suggested by that vote. Any limitation upon an easement over land taken in the widening of a street must be sufficiently definite and certain so that property owners whose lands are taken may know with reasonable certainty what rights remain to them in the lands and so that there may be a reasonably certain basis for the award of damages or assessment of benefits; and the vote of the board falls far short of defining the proposed limitation in the nature of the easement taken with the requisite certainty. Nor could the provision in the vote that if the "technical encroachments" were ordered removed by it, compensation should be made to the owner "after hearing or conference thereon" be sustained. The subsequent destruction of rights in the land taken which the board attempted to except from the easement could only be

compensated by the method fixed in the charter for an award of damages and assessment of benefits.

There is no error.

In this opinion the other judges concurred.