NASH ENGINEERING COMPANY *v.* CITY OF NORWALK

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided August 15, 1950

*Willard J. Overlock*, with whom, on the brief, was *Robert B. Devine*, for the appellant (defendant).

*Fred L. Griffin*, for the appellee (plaintiff).

O'SULLIVAN, J. The following is a summary of the facts stipulated by the parties: The fifth taxing district of the defendant municipality takes in the entire territory of the city. A basic tax is assessed against property within this district to provide revenue for the maintenance of schools and highways. The area of the fourth taxing district is restricted to the city's more

populated sections. Owners of property within it are subjected not only to the above-mentioned basic tax but also to one assessed to meet the expense of police and fire protection, garbage removal, street lighting and sewage disposal. These enumerated services are provided exclusively in the fourth district.

The plaintiff's manufacturing plant is located on Wilson Avenue in the fifth ward. Prior to February 29, 1944, this was beyond the limits of the fourth district. During 1937, the plaintiff sought a new method of disposing of sewage from its plant. On August 12 of that year, it executed an agreement with the defendant, acting by its sewage disposal commission, whereby the plaintiff received permission to connect a proposed private sewage line with the fourth district's system for ten years. Following the agreement, the plaintiff laid the connecting sewer at a cost of $15,000. Since then, the line has been used and maintained by the plaintiff.

The defendant's charter empowers the common council, upon proper notice, to extend at will the limits of the fourth district by absorbing all or any part of the fourth or fifth wards of the city, provided that the area proposed to be annexed is already connected by sewer with the fourth district. 20 Spec. Laws 644, § 2. Acting under this authority, the common council published in a local newspaper a notice of a public meeting to be held on February 29, 1944, to permit those interested to express themselves upon a proposed extension of the limits of the fourth district. The notice first referred in general terms to the contemplated plan by reciting that it affected "property or territory which is located on or near" some sixty-odd designated streets, including "Wilson Ave., east side, from Meadow St. South about 1100 [feet]." The notice then went on to state: "Specifically, the parts of the Fourth and Fifth Wards which it is proposed to include . . . are shown in yellow on a cer-

tain map . . . entitled 'Map Showing properties proposed to be included within the limits of the Fourth Taxing District of the City of Norwalk.' Reference to said map is hereby made and had for a more particular description and location of said premises. Said map is on file in the office of the City Clerk, City Hall, South Norwalk, Connecticut, and can be examined there by any person who has an interest in this matter."

Parties in interest were heard at the meeting of February 29. Over the opposition of several, including a representative of the plaintiff, the council passed a resolution that "the limits of the Fourth Taxing District . . . are extended to include, and henceforth shall include; All that certain territory, composed of several tracts or parcels of land, situated in the City of Norwalk and shown in yellow" on the map to which reference was made in the published notice.

Each year thereafter the plaintiff paid the aforementioned basic tax. It brought this action to restrain the defendant from attempting to collect taxes assessed against it by the fourth district. From a judgment granting such relief, the defendant has appealed.

One of the two grounds upon which the court entered judgment was that the defendant was "without authority" to annex the plaintiff's property to the fourth district during the life of the 1937 agreement. The memorandum of decision sheds no light on the reason the court so held, and we are unable to supply a valid one. Assuming that the sewage disposal commission had authority to negotiate with the plaintiff, we discover in the agreement no promise, expressly stated or raisable by implication, that the defendant would not attempt to affect the plaintiff's property by annexation during the ten-year term. This aside, the charter empowers the common council to determine when annexation will occur, if at all, and what territory shall be annexed.

This authority cannot be delegated, nor could the commission circumscribe it. "[P]ublic powers or trusts devolved by law or charter upon the council or governing body [of a municipality], to be exercised by it when and in such manner as *it* shall judge best, *cannot be delegated to others.*" 1 Dillon, Municipal Corporations (5th Ed.) p. 460, § 244; *Donnelly* v. *New Haven,* 95 Conn. 647, 653, 111 A. 897; *State ex rel. Stamford* v. *Board of Purchase & Supplies,* 111 Conn. 147, 157, 149 A. 410; *Fourth Congregational Church, Inc.* v. *Street Commissioners,* 116 Conn. 341, 346, 164 A. 884. The court was in error in holding to the contrary.

The second ground of the court's action was that the published notice of the meeting and the resolution thereafter adopted by the council were void as to the plaintiff because of vagueness and uncertainty. This went beyond the issues raised by the pleadings. The gist of the complaint is that it would be inequitable to permit the defendant to absorb the plaintiff's property into the fourth district in view of the large expense to which the plaintiff was put in reliance on the agreement. There is no allegation which, even under a liberal interpretation, suggests that either the notice or the resolution was void for uncertainty. Indeed, one allegation in the complaint is that "a resolution was adopted extending the limits of the Fourth Taxing District . . . so as to include the property . . . of the plaintiff." In the absence of anything to qualify it, the only reasonable intendment of this allegation is that the resolution was legally effective to accomplish the annexation.

"Facts found but not averred cannot be made the basis of a judgment." *Sabas* v. *Gregory,* 91 Conn. 26, 28, 98 A. 293; *Kane* v. *Kane,* 120 Conn. 184, 189, 180 A. 308. This is not an instance of the omission of an allegation essential to the cause of action which the

plaintiff obviously intended to state, as in *Meyers* v. *Arm*, 126 Conn. 579, 582, 13 A. 2d 507. It is, rather, one in which judgment was entered on a cause of action different from the one set up in the complaint. The situation, therefore, is akin to that in *Modern Home Utilities, Inc.* v. *Garrity*, 121 Conn. 651, 654, 186 A. 639, wherein it was held that a pleading of breach of warranty would not support a judgment on the ground of partial failure of consideration.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.