## CITY OF NEW HAVEN *v.* THOMAS MASON (6239)

SPALLONE, NORCOTT and FOTI, Js.

Submitted on briefs September 1—decision released November 15, 1988

# 93

Patricia Cofrancesco and *Charles G. Albom* filed a brief for the appellant (plaintiff).

*Michael A. Wolak* and *Alan E. Silver* filed a brief for the appellee (defendant).

FOTI, J. In this action to recover delinquent rental payments, the plaintiff city of New Haven appeals from a judgment rendered against it and in favor of the defendant on his counterclaim.

The trial court found the following facts. The defendant was hired by the plaintiff's parks department as a chief ranger in March, 1978. Subsequently, the defendant and his family moved into a city owned residence located within the city park system. The defendant remained there until December 31, 1984, when he moved out voluntarily. The parties stipulated that at no time did they enter into either an oral or written lease agreement. At the outset of this living arrangement, and for the greater part of his six years there, the defendant did not pay the plaintiff any rent. For several months in 1979, however, the defendant made several payments to the plaintiff totaling $775. Sometime thereafter, the plaintiff initiated a policy requiring all employees living in city owned housing, after July 1, 1981, to pay rent. Anyone living in city owned housing prior to July 1, 1981, was not required to make retroactive payments. When the defendant refused to pay rent, the plaintiff began sporadically deducting sums from the defendant's wages. The total amount deducted was $2447.11.

The plaintiff initiated this action to recover $4902.89, the balance it claims the defendant owed in delinquent rental payments. The defendant counterclaimed to recover $2447.11, the amount of money deducted by the plaintiff from his pay. In his counterclaim, the defendant denied that he owed any rental payments, and claimed that the plaintiff was, therefore, unjustified in making unilateral, involuntary deductions from his pay.

On appeal, the plaintiff claims that the trial court erred (1) in finding that, absent a lease, the defendant was not obligated to pay for his use and occupancy of the premises,[1] (2) in finding the plaintiff was unjustified in deducting sums from the defendant's wages and thereby awarding the defendant $2447.11, the relief he sought in his counterclaim, and (3) in awarding the defendant $775 for the payments he made to the plaintiff in 1979.

We decline to consider the plaintiff's first claim of error because it relies on an unpleaded cause of action; *Bushnell Plaza Development Corporation* v. *Fazzano,* 38 Conn. Sup. 683, 687, 460 A.2d 1311 (1983); and it was not "distinctly raised at the trial." Practice Book § 4185. It is a common rule of pleading that " '[t]he alle-

---

[1] The plaintiff misstates the trial court's ruling by claiming that the basis for its decision was the absence of a lease. The essence of the underlying dispute and the factual issue that was decided by the trial court was whether, as a condition of living in the city owned residence, the defendant was required to pay rent. The parties stipulated that there was no oral or written lease. The trial court found not only that there was no formal oral or written lease, but that there was never any implied understanding or agreement between the parties that rent was to be a condition of the defendant's continuing to reside in the city owned residence. In fact, the trial court found the opposite to be true—that the defendant understood that living in the residence was part of his compensation package. In light of this factual finding, the trial court held for the defendant, reasoning that absent a landlord-tenant relationship, in which both parties understood that rent was a condition of the living arrangement, there could be no obligation on the defendant's part to pay rent.

gations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties.' " *Bushnell Plaza Development Corporation* v. *Fazzano,* supra, 687, quoting *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496 (1950). In addition, it is well established that this court is not "bound to consider a claim unless it was *distinctly raised* at the trial." (Emphasis added.) Practice Book § 4185. " 'The requirement that the claim be raised "distinctly" means that it must be "so stated as to bring to the attention of the court the *precise* matter on which its decision is being asked." (Emphasis added.) *Woodruff* v. *Butler,* 75 Conn. 679, 682, 55 A. 167 (1903).' *State* v. *Carter,* 198 Conn. 386, 396, 503 A.2d 576 (1986)." *State* v. *Lonergan,* 16 Conn. App. 358, 362, 548 A.2d 718 (1988).

For the first time on appeal, the plaintiff asserts that its claim is one for "use and occupancy," and not, as was litigated at trial and alleged in its complaint, an action to recover delinquent rental payments.[2] The plaintiff's complaint is devoid of any reference to the term "use and occupancy" or to General Statutes

---

[2] We find the plaintiff's assertion in its appellate brief that its complaint sought damages for the defendant's "use and occupancy," and not for rent, disingenuous for the following reasons. First, the plaintiff's complaint makes no reference to General Statutes § 47a-3c. The term "use and occupancy" is a term of art that has been embodied in General Statutes § 47a-3c, providing the remedy of use and occupancy payments absent a rental agreement. Second, while it is true that the plaintiff did not refer to his claim as either one for "rent" or "use and occupancy," the plaintiff's complaint described its claim as follows: "As a condition of residing in said park house, the defendant, Thomas Mason, was required to pay the plaintiff City of New Haven $175 per month." "Rent" is defined as: "An agreed sum paid at fixed intervals by a tenant to his landlord for the use of land or its appendages." Webster's Ninth New Collegiate Dictionary. We think a common sense reading of the plaintiff's description implies that the plaintiff was referring to rent. Third, the plaintiff's trial brief repeatedly refers to its claim as one for "delinquent rent." Accordingly, we find that the plaintiff's claim was for rent and not use and occupancy payments.

§ 47a-3c[3] which provides for the remedy of use and occupancy payments. In addition, the plaintiff never attempted to amend its complaint to include such a claim. Practice Book §§ 175 and 176. Further, the fact that the plaintiff's trial brief and the trial court's memorandum of decision refer only to rent, indicates that the issue litigated at trial was delinquent rental payments and not use and occupancy. Therefore, the plaintiff's failure to plead the issue of use and occupancy and to raise it distinctly at trial precludes us from addressing it. Our disposition of this issue renders it unnecessary for us to address the plaintiff's second claim.

The plaintiff asserts in its third claim of error that the trial court erred in awarding the defendant $775 for payments he made to the plaintiff in 1979, prior to the enactment of the plaintiff's policy requiring employees living in city owned housing to pay rent. The plaintiff argues that because the defendant failed to request this particular relief in his counterclaim, and to allege facts to support such a claim, the trial court should not have awarded this relief. We agree.

It is a basic rule of pleading that the " ' "allegations of a complaint provide the measure of recovery." *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338 [1957].' " *Bushnell Plaza Development Corporation* v. *Fazzano,* supra, 687. " '[A]ny judgment, to be adequate as such, must conform to the pleadings, the issues and the prayers for relief.' *Verraster* v. *Tynan,* 152 Conn. 645, 648, 211 A.2d 150 [1965]." *Brill* v. *Ulrey,* 159 Conn. 371, 374, 269 A.2d 262 (1970).

The sole prayer for relief requested by the defendant in his revised counterclaim was $2447.11, the

[3] General Statutes § 47a-3c provides: "In the absence of agreement, the tenant shall pay the fair rental value for the use and occupancy of a dwelling unit."

amount deducted from his pay by the plaintiff. The defendant did not allege any facts that would support his recovery of the $775 he paid to the plaintiff in 1979, nor did he request recovery in that amount. Furthermore, the defendant did not move to amend his complaint to conform to the evidence at trial with respect to this claim. Practice Book §§ 175 and 176. Therefore, it was error for the trial court to award the defendant $775.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the award to the defendant should be reduced by $775.

In this opinion the other judges concurred.