[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's counterclaim is in two counts. The first count alleges conversion. The second count alleges the breach of listing agreement.
The attorney trial referee found for the plaintiffs on both counts. However, the referee found that the sale of personal property by the plaintiff was not commercially reasonable pursuant to General Statutes §§ 42a-9-504(3). The attorney trial referee raised this issue and this statute on his own under the principle that "it is plain error for a trial court to fail to apply a clearly applicable statute, even in the CT Page 11359 absence of the statute having been brought to its attention by the parties." Ralto Developers, Inc. v. EnvironmentalImpact Commission, 220 Conn. 54, 59 (1991).
"The allegations of a complaint [or counterclaim] limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. 61 Amer.Jur.2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99. "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. Nash Engineering Co. v. Norwalk, 137 Conn. 235,239, 75 A.2d 496 (1950). A [claimant] may not allege one cause of action and recover on another. Facts found but not averred cannot be made the basis for a recovery." Lundbergv. Kovacs, 172 Conn. 229, 232-33 (1977).
The recommendation of the ATR cannot stand because the commercial reasonableness of the plaintiff's sale of the personal property was nowhere alleged in either count of the counterclaim. The plain error doctrine is inapposite because General Statutes § 47a-9-504(3) was not "an applicable statute" given the issues as framed by the counterclaim. The plaintiffs' objection to the acceptance of the report of the ATR is sustained. In light of the factual findings of the referee and the concessions of fact at the hearing before this court[1] judgment may enter for the plaintiffs on the counterclaim.
BRUCE L. LEVIN JUDGE OF THE SUPERIOR COURT