[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OPINION
This is an action for unpaid rent. The defendants occupied the plaintiffs' single family home pursuant to a lease. They failed to pay the monthly rental of $1,995.00 for January and February of 1996 and held over during the months of March and April. At trial the plaintiffs sought damages for other items not contained in their one count complaint. The court may not render an award for these items. "The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. 61 Am.Jur.2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99. `It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. NashEngineering Co. v. Norwalk, 137 Conn. 235, 239, 75 A.2d 496. A plaintiff may not allege one cause of action and recover upon CT Page 2505 another." Lundborg v. Kovacs, 172 Conn. 229, 232-233,374 A.2d 201 (1977).
The plaintiffs are entitled to damages for four months of unpaid rent or use and occupancy less the defendants' security deposit of $3,800.00. The plaintiffs also are entitled to late charges under the lease of $399.00. Finally, pursuant to paragraph 18 the plaintiffs are entitled to attorneys fees; these are not discretionary with the court. 21 Leggett Street LtdPartnership v. Beacon Industries, Inc., 239 Conn. 284, 311-312
(1996). Although there was no evidence of attorneys fees "courts may rely on their general knowledge of what has occurred at the proceedings before them to supply evidence in support of an award of attorney's fees. Guaranty Bank Trust Co. v. Dowling,4 Conn. App. 376, 386, 494 A.2d 1216, cert. denied, 197 Conn. 808,499 A.2d 58 (1985); O G Industries v. Mizzoni, 23 Conn. App. 19,578 A.2d 672 (1990)." (Internal quotation marks omitted.) Cabrerav. Cabrera, 23 Conn. App. 330, 349, 580 A.2d 1227 (1990). The court awards the plaintiffs for $500 attorneys fees. Interest is disallowed.
Judgment may enter in favor of the plaintiffs for the sum of $5,079.00 payable at the rate of $25.00 per week commencing June 2, 1997.
BY THE COURT
Bruce L. LevinJudge of the Superior Court