[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is the owner of a dwelling in Branford. The dwelling was occupied by a nonparty tenant. The named defendant, Thomas Onofrio, subsequently came to reside in the dwelling with that nonparty tenant, agreeing with the latter that he would pay one-half of the monthly $700.00 rent. The nonparty tenant vacated; Onofrio remained. The plaintiff, proceeding pro se, now seeks to evict Onofrio in this summary process action for nonpayment of rent.
The plaintiff was impeded in the presentation of his case by his pro se status and other handicaps. The court, however, is bound by the evidence, or the lack thereof. While there are several grounds on which a lessor, in a proper case, may seek to evict a lessee or occupant; see General Statutes § 47a-23
(a); this action is based solely on nonpayment of rent. "The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. 61 Am.Jur.2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99. It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. Nash Engineering Co. v.Norwalk, 137 Conn. 235, 239, 75 A.2d 496. A plaintiff may not allege one cause of action and recover upon another. Lundborg v.CT Page 4862Kovacs, 172 Conn. 229, 232-233, 374 A.2d 201 (1977). Therefore, for the plaintiff to prevail, he was bound to prove, as he has alleged in paragraph three of his complaint, that there was an agreement, express or implied, between Onofrio and him for the payment of a certain monthly rental. Because the plaintiff has not proven this allegation, judgment may enter for the defendants.
BY THE COURT
Bruce L. LevinJudge of the Superior Court