[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #108, MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiffs allege in the First Count of their complaint that on or about June 5, 2000, the defendant, Michael Finucane, an unemancipated minor negligently struck the plaintiff, John Limone, also an unemancipated minor, in the face. At the time of the alleged assault, CT Page 3009 both individuals were in attending Branford High School.
The plaintiffs allege in the Second Count of their complaint that the defendant, Michael Finucane intentionally hid himself behind some school lockers with the intended purpose of ambushing and physically assaulting the plaintiff, John Limone. The plaintiffs further allege that said defendant, acting in a willful and malicious manner did physically assault and batter the plaintiff John Limone.
The Third Count of the plaintiffs' complaint sounds in an action of parental liability as to the defendants Gail and Kevin Finucane. This count was brought pursuant to the provisions of § 52-572 of the Connecticut General Statutes.
The Fourth Count of the plaintiffs' complaint sounds in negligence as to the defendant Kevin Finucane. The plaintiffs allege that the defendant acted in a hostile manner towards his son, the defendant Michael Finucane and that said hostility constituted negligence and was a proximate cause of the defendant, Michael Finucane's alleged assault on the plaintiff John Limone.
The Fifth Count of the plaintiffs' complaint sounds in recklessness as to the defendant Kevin Finucane. The plaintiffs allege that on several occasions the defendant Kevin Finucane made threats of violence against the plaintiffs, Donna Limone and Paul Limone. Plaintiffs further allege that as a result of these threats the Michael Finucane was unable to determine right from wrong.
On December 5, 2001, the defendant Kevin Finucane filed a motion for summary judgment as to Counts Four and Five and the defendants Kevin, Michael and Gail Finucane filed a moved for judgment as to the third paragraph of the plaintiffs' request for relief seeking double and treble damages.
Before addressing the merits of plaintiffs' motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. CT Page 3010 Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001)
Section 1745 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The defendants filed the following documents along with their motion:
1) An affidavit of Kevin Finucane.
On January 3, 2002, the plaintiffs filed an objection to the defendants' motion for summary judgment.
The Fourth Count of the Complaint sounds in negligence as to the defendant Kevin Finucane. This Count provides in pertinent part that:
 16. Upon information and belief, the Defendant, Kevin, Finucane has a history of acting hostile towards his son, Michael Finucane, when said son fails to obtain excellence in athletic endeavors or said son's accomplishments fall short of the Defendant, Kevin Finucane's expectations.
17. Said acts of hostility by the Defendant, Kevin Finucane towards his unemancipated minor aged son, Michael Finucane constitute negligence on the part of the Defendant, Kevin Finucane in that said Defendant knew and/or should have known that said CT Page 3011 acts of hostility would cause his son, Michael Finucane to become enraged and physically assault the Plaintiff, John Limone in the manner and form as alleged.
The defendants assert that they are entitled to summary judgment as this Count for reason that "there is no vicarious liability at common law imposed upon parents for torts of their children." The defendants are correct in their assertion that the common law does not usually impose liability upon parents for the negligent acts of their children. However there is an exception to the common law rule.
 At common law parents were not liable for the torts of their children unless they themselves were independently negligent, as where they had entrusted a dangerous instrumentality to their children or had failed to restrain their children who they knew possessed dangerous tendencies. 39 Am.Jur., Parent and Child, 55; Restatement (Second), 2 Torts 316. (emphasis added)
 LaBonte v. Federal Mutual Ins. Co., 159 Conn. 252, 256 (1970).
The plaintiff does not allege in the subject count that the defendant, Kevin Finucane failed to restrain the defendant Michael Finucane possessed or knew "dangerous tendencies". Instead, he alleges that the defendant Kevin Finucane was negligent by exhibiting certain acts of hostility towards his son Michael (See the Fourth Count, paragraphs 14-16, inclusive).
In its objection to the motion for summary judgment, the plaintiff asserts that summary judgment should not enter for reason that: "A genuine issue of fact exist as to whether or not the Defendant, Kevin Finucane had prior 1knowledge (sic) of his son's dangerous propensities." However, even when read in the plaintiff's best light, no such allegation was made in this Count.
 Because we are bound by the four corners of the plaintiff's complaint, we must examine the specific language to determine the particular causes of action alleged.
 Sampiere v. Zaretsky, 26 Conn. App. 490, 494 (1992).
It is a common rule of pleading that "`[t]he allegations of a complaint limit the issues to be CT Page 3012 decided on the trial of a case and are calculated to prevent surprise to opposing parties.'" Bushnell Plaza Development Corporation v. Fazzano, supra, 687, quoting Nash Engineering Co. v. Norwalk, 137 Conn. 235, 239, 75 A.2d 496 (1950).
New Haven v. Mason, 17 Conn. App. 92, 94 (1988).
Even when viewed in the plaintiff's best light the Fourth Count of the Complaint does not allege any facts that indicate that the defendant, Kevin Finucane, failed to restrain the defendant, Michael Finucane or knew that he possessed dangerous tendencies. Furthermore, the plaintiffs do not provide any evidence in support of their objection to the motion for summary judgment that supports their assertion that genuine issues of material facts are in existence in this matter. The plaintiffs therefore may not recover under this Count under the legal theories that they have asserted.
Although the plaintiff did not allege in Count Four, that the defendant, Kevin Finucane failed to restrain a child who he knew possessed dangerous tendencies, this type of language does appear in Count Five. This Count proyides in pertinent part that:
 17. Prior to June 5, 2000, the Defendant, Kevin Finucane, has on several occasions, made threats of physical violence against both the Plaintiff Donna Limone and her spouse Paul Limone. Said threats of violence often arise from circumstances where the Defendant, Michael Finucane had failed to perform at an athletic level up to the standards of his father, the Defendant, Kevin Finucane.
Although the above cited portion of the complaint does indicate that the defendant, Michael Finucane may have possessed violent tendencies, two requirements that must be present in order to find a parent vicariously liable for the torts of their children are notably missing: 1) There is no allegation in the Fifth Count that the defendant, Kevin Finucane, knew of the alleged threats, or knew that his son, Michael, possessed these dangerous tendencies; and 2) There is no allegation in the Fifth Count that the defendant, Kevin Finucane, knowing these dangerous tendencies failed to restrain the defendant Michael Finucane. The Court also notes that the plaintiff did not provide any supporting affidavits, deposition testimony or any other evidence that would support a finding that the defendant Kevin Finucane knew of any dangerous tendencies of the defendant Michael Finucane, or that he failed to restrain the defendant CT Page 3013 Michael Finucane.
In addition to summary judgment on Counts Four and Five, the defendants also seek to have summary judgment entered on the third paragraph of the plaintiffs' prayer for relief This paragraph provides that the plaintiffs' pray for:
3. Double or Treble Damages.
The plaintiffs do not cite any statutory authority for their prayer for double or treble damages and it is well settled law in this state that double or trebled damages are not available in common law actions. Bodnerv. United Services Automobile Assn., 222 Conn. 480, 492 (1992). The motion for summary judgment as to the third paragraph in the prayer for relief is therefore granted.
For the foregoing reasons, the defendants' motion for summary judgment as Counts Four and Five, and to the third paragraph of the prayer for relief are hereby granted.
Richard A. Robinson, J