[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #114.01 MOTION FOR SUMMARY JUDGMENT
Plaintiff alleges in the First Count of his complaint that during the month of June in year of 1991, he and the defendant entered into a contract by the terms of which, the defendant, for a fee agreed to appeal a probate decree to the Connecticut Superior Court. The plaintiff further alleges that on July 17, 1991, the defendant filed said appeal. On September 25, 1992, the defendant filed a "Revised Reasons of Appeal". The plaintiff asserts that the defendant failed to raise all of the findings and rulings made by the Probate Court. Plaintiff further asserts that as a result of this failure he lost the appeal and suffered economic damages.
Plaintiff alleges in the Second Count of this Complaint that the defendant represented him in the Superior Court from June of 1991 until a date subsequent to January 7, 1994 on the aforementioned probate appeal matter. That the defendant was negligent in said representation and failed to represent the plaintiff in a manner that was at or above the minimum standards for an attorney in the practice of his profession. Plaintiff further alleges that as a result of said representation plaintiff suffered economic losses.
On November 27, 2001, the defendant filed a Motion for Summary Judgment asserting that the statute of limitations had run on all causes of action cited in the plaintiff's complaint.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that: CT Page 5623
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Before addressing the merits of the defendant's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. HR. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). CT Page 5624
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
The First Count of the plaintiff's complaint sounds in a breach of contract action. However there are no allegations in the complaint that the subject contract was made in writing. Therefore if there were a contract, it would have to be either express or implied.
Section 52-581 C.G.S. concerns an action on an express contract. Subsection 52-581 (a) provides that:
 (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues.
Section 52-576 C.G.S. concerns actions for account or on simple or implied contracts. This statute provides in pertinent part that:
 (a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section.
The defendant asserts that the contract that is the subject of this litigation is an express contract and a three year statute of limitations of § 52-581 C.G.S. applies, while the plaintiff asserts that it is an implied contract and a six year statute of limitations of § 52-576
C.G.S. applies.
 "A true implied contract can only exist where there is no express one. It is one which is inferred from the conduct of the parties though not expressed in words." Collins v. Lewis, 111 Conn. 299, 304, 149 A. 668
(1930).
 Sandella v. Dick Corp., 53 Conn. App. 213, 219 (1999).
In order to address the issue that has been raised an examination of the allegations of the plaintiff's complaint is necessary. Courts are bound by the allegations made within the four corners of a plaintiff's complaint: CT Page 5625
 Because we are bound by the four corners of the plaintiff's complaint, we must examine the specific language to determine the particular causes of action alleged.
 Sampiere v. Zaretsky, 26 Conn. App. 490, 494 (1992).
 It is a common rule of pleading that "`[t]he allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties.'" Bushnell Plaza Development Corporation v. Fazzano, supra, 687, quoting Nash Engineering Co. v. Norwalk, 137 Conn. 235, 239, 75 A.2d 496 (1950).
 New Haven v. Mason, 17 Conn. App. 92, 94 (1988).
In the current situation, the First Count, Second Paragraph of the Plaintiff's Complaint specifically alleges that:
 In June of 1991, the plaintiff and the defendant entered into a contract by the terms of which the defendant for payment of a fee agreed to appeal to this court from a decree entered by the Probate Court for the District of North Haven on June 1991, in a matter concerning the Estate of Raymond O. Gauvin and in particular the defendant agreed to pursue in the said probate appeal all of the findings and rulings made by the aforesaid Probate Court which were adverse to the interests of the plaintiff.
This count does not allege actions or conduct on the part of the plaintiff and the defendant that were not expressed in words. It alleges an expressed agreement between the parties with definite terms and particular goals. The plaintiff does not allege that the parties to this action took part in a particular course of conduct that created a contractual relationship between them. Instead he specifically alleges that during a defined time period, the parties "entered into a contract" that had particular "terms" that required the parties to undertake particularly specified acts.
Based on the allegations of the complaint and reviewing the complaint in the plaintiff's best light, the Court comes to the conclusion that the contract that is the subject of the First Count is an express contract and the provisions of § 52-581 apply. CT Page 5626
The Sheriff's Return in this matter indicates that the defendant was served as of January 2, 1998.
 In this jurisdiction, a law suit is commenced when a proper officer serves a writ of summons and complaint on the defendant. See Lacasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990).
 Altfeter v. Naugatuck, 53 Conn. App. 791, 803 (1999).
The lawsuit in this matter commenced on January 2, 1998. The plaintiff cause of action arose sometime after the defendant allegedly failed to appeal all of the rulings of the probate court to the Superior Court. Both parties hereto assert that the cause of action arose upon the defendant's September 25, 1992, filing of the Revised Reasons for Appeal.
 The true test for determining the appropriate date when a statute of limitations begins to run is to "establish the time when the plaintiff first could have successfully maintained an action. That is, an action cannot be maintained until a right of action is complete and hence, the statute of limitations cannot run before that time." Gaylord Hospital v. Massaro, 5 Conn. App. 465, 467, 499 A.2d 1162 (1986) . . . "In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." Gaylord Hospital v. Massaro, supra, 467. (internal citations omitted)
 Garofalo v. Squillante, 60 Conn. App. 687, 694 (2000).
Applying the provisions of § 52-581, the plaintiff had until September 25, 1995 to commence this action. Whereas this action was not commenced until January 2, 1998, the statute of limitations had lapsed.
As to the Second Count of the Complaint, the defendant asserts that this Count sounds in negligence.
Section 52-577 C.G.S. concerns actions sounding in tort. This statute provides that:
 No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.
The plaintiff alleges in the Second Count of his Complaint that the defendant represented the plaintiff until "some time subsequent to CT Page 5627 January 7, 1994. The defendant asserts in its motion for summary judgment that the negligent act or omission that the plaintiff complains of occurred on September 15, 1992, when the defendant allegedly filed a document in the Superior Court that failed to raised all of the proper grounds for the probate appeal. However, this date only appears in the First Count of the Complaint. The Second Count states that the defendant represented the plaintiff until sometime after January 7, 1994.
Neither the plaintiff nor the defendant offered any evidence by way of affidavit, deposition testimony or otherwise in support of their motions. Based on the current status of the pleading that Court cannot determine when the attorney/client relationship between the parties ended. There is a genuine issue of fact as to when a cause of action may have accrued as to any cause of action pursuant to the Second Count. The motion for summary judgment as to this count is therefore denied.
In conclusion, the motion for summary judgment as to the First Count isgranted. The motion for summary judgment as to the Second Count isdenied.
Richard A. Robinson, J. May 2, 2002