The plaintiff instituted this action against the defendants claiming damages for nonpayment of rent, for failing timely to vacate and for physical destruction to the premises. The court found for the plaintiff on the first count and for the defendants on the remaining two counts. From this judgment the plaintiff has appealed.
The trial court found the following facts: The plaintiff, as lessor, and the defendants, as lessees, entered into a written lease for premises known as apartment 66 at 142 Vernon Avenue, Vernon. The lease was for a term of one year from February 1, 1979, at *Page 507 
an annual rent of $4200 payable in monthly installments of $350 per month. The defendants took possession of the premises and occupied them until March 1, 1980. On January 10, 1980, the plaintiff advised the defendants by letter that the lease expired at the end of January and that he had rented the premises to new lessees as of February 1, 1980, for $400 per month. The defendants paid no rent after January, 1980.
The trial court found that a tenancy at sufferance existed after January, 1980, and that $400 was a reasonable rental value of the premises for February, 1980, under the first count. It denied the plaintiff's claim for attorney's fees in the amount of $299.70 for bringing a summary process action against the defendants since there was no evidence regarding the reasonableness of the attorney's fees. The court, therefore, awarded the plaintiff $454.80 on the first count.[1]
The trial court found for the defendants on the second count. Costs of $651.71 incurred for housing the new tenants until March 6, 1980, along with moving and storage expenses, were disallowed on the basis that no evidence as to their reasonableness had been presented.
The trial court found for the defendants on the third count, which alleged physical destruction to the premises, for the reason that the plaintiff had failed to sustain his burden of proof.
The plaintiff has claimed the trial court erred: (1) in finding as to the first count that the plaintiff failed to present any competent evidence regarding the reasonableness of attorney's fees for bringing the summary process action; (2) in finding as to the second count that the plaintiff failed to present any evidence regarding the reasonableness of the expenses incurred due to the alleged holding over *Page 508 
by the defendants; and (3) in finding as to the third count that the plaintiff failed to meet his burden of proof concerning the alleged property damage.
It is an established legal principle that a plaintiff's right to recovery is limited to the allegations of his complaint. Facts proved but not averred cannot be made the basis of a recovery. Nash Engineering Co. v. Norwalk, 137 Conn. 235,239, 75 A.2d 496 (1950). There were no allegations in the first count regarding attorney's fees. No judgment could be rendered, therefore, awarding counsel fees, even though the trial court admitted evidence on the subject, since the matter was wholly outside the issues raised by the pertinent pleadings. Kane v. Kane, 120 Conn. 184, 189, 180 A. 308 (1935).
A correct decision, although based on the wrong grounds, can be sustained. Powers v. Common Council,154 Conn. 156, 161, 222 A.2d 337 (1966). We find no error for the failure to award attorney's fees.[2]
As to the second count, the trial court found in reference to the $651.71 incurred for housing the successor tenants and for the extra moving and storage of their furnishings that "it is not seriously disputed that such costs were incurred." Nevertheless, the court refused to allow any recovery since the plaintiff failed to show the reasonableness of the charges. [P]roof of the expenses paid or incurred affords some evidence of the value of the services, and if unreasonableness in amount does not appear from other evidence or through application of the trier's general knowledge of the subject-matter, its reasonableness will be presumed.'" Storm Associates, Inc. v. Baumgold,186 Conn. 237, 246, 440 A.2d 306 (1982); Holden 
Daly, Connecticut Evidence 52, p. 102. Since the trial court found that the costs had been incurred *Page 509 
but failed to consider the presumption of reasonableness which arose by virtue of their payment, we find error as to this count and remand with direction to render judgment for the plaintiff to recover $651.71.
As to the third count, the trial court specifically found that "[t]he plaintiff has not met his burden of showing damages caused by the defendants, `reasonable wear and use thereof and damages by the elements excepted,' by a fair preponderance of the evidence." The trier is the judge of the credibility of all the witnesses and the weight to be given their testimony. It is not this court's function to retry the facts or pass on the credibility of the witnesses. Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,422, 446 A.2d 799 (1982). We find no error as to this count.
 There is error in part, and the case is remanded with direction to render judgment on the second count for the plaintiff to recover of the defendants damages of $651.71.
In this opinion BIELUCH and COVELLO, Js., concurred.