BUSHNELL PLAZA DEVELOPMENT CORPORATION
*v.* JOSEPH E. FAZZANO

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1203

Argued October 20, 1982—decided February 11, 1983

*Steven L. Seligman,* for the appellant (defendant).

*Janet C. Hall,* with whom, on the brief, was *Sally S. King,* for the appellee (plaintiff).

SPADA, J. The plaintiff landlord brought this action for unpaid rent and for attorney's fees. The defendant tenant filed several special defenses, essentially alleg-

ing uninhabitability, and a counterclaim for damages resulting from the plaintiff's breach of its covenant to repair. The trial court found for the plaintiff on the issue of unpaid rent but rejected its claim for attorney's fees. The defendant was awarded $20 on his counterclaim. Both parties have appealed from the judgment.

Three issues are raised by this appeal: (1) whether the facts support the court's conclusion of a month to month tenancy; (2) whether the plaintiff can recover, in part, on an unalleged cause of action; and (3) whether the plaintiff can recover attorney's fees.

The facts are not in serious dispute. The parties' one year written lease for apartment 26-A, Bushnell Tower, Hartford, terminated on May 31, 1979. The defendant thereafter occupied the apartment from June 1, 1979, to December 15, 1980, and paid a monthly apartment rent of $570 from June 1, 1979, to February 28, 1980, plus a monthly parking charge of $22 from June 1, 1979, to January 31, 1980. Thereafter, the defendant ceased to pay rent and parking charges. A notice to quit was served on August 14, 1980. The defendant relinquished possession on December 15, 1980. The trial court awarded the plaintiff $5942 representing ten months back rent and eleven months parking charges. The claim for attorney's fees was denied. The defendant, in addition to a partial recovery on his counterclaim, was allowed a security deposit setoff of $470.

## I

The defendant's initial claim of error is that the trial court erred in finding a month to month tenancy upon termination of the lease. We do not agree. The evidence amply supports the finding of a monthly tenancy. The expired lease contained an express provision to trig-

ger a monthly tenancy.[1] Even absent such a provision the parties' conduct unequivocally established a monthly tenancy at will.

The uncontroverted testimony was that the defendant held over with the plaintiff's acquiescence. Such conduct raises an oral contract of leasing by implication. *Welk* v. *Bidwell,* 136 Conn. 603, 608, 73 A.2d 295 (1950).

The defendant's contention that no monthly tenancy existed because there was "no meeting of the minds" disregards the contractual relationship legislatively cast by General Statutes § 47a-3b.[2] The defendant's position is further flawed because it requires a finding that he was either a trespasser or a tenant at sufferance. Such a finding would be repugnant to the legislative codification of rights and responsibilites of landlord and tenant. See General Statutes §§ 47a-1 to 47a-20a. "Parol leases . . . reserving a monthly rent and in which the time of their termination is not agreed upon shall be construed to be leases for one month only." General Statutes § 47a-3d.

The defendant's reliance on *Welk* v. *Bidwell,* supra, is misplaced and does not warrant a contrary result. In *Welk,* the tenant rejected a tenfold rental increase. Under those circumstances, the court could reasonably conclude that the tenant "at no time either expressly or impliedly agreed to pay" the increased rent. Id., 605. Accordingly, no meeting of the minds and no month to month tenancy existed in that case.

---

[1] Paragraph twenty-eight of the lease provides that: "If a tenant continues in possession of the premises with the consent or acquiescence of lessor after the expiration of this lease . . . such continued occupancy shall be construed to be a month-to-month tenancy under the terms and conditions of this lease."

[2] "[General Statutes] Sec. 47a-3b. RENTAL AGREEMENT: TERM OF TENANCY IN ABSENCE OF AGREEMENT. "Unless the rental agreement fixes a definite term, the tenancy is month to month . . . ."

## II

The defendant's second claim of error charges that the recovery of rent for the period of possession subsequent to the notice to quit exceeded the scope of the pleadings. The initial complaint and three subsequent amended complaints sought to recover rent based on a monthly tenancy. The fourth proposed amended complaint, denied by the trial court, sought recovery, in a separate count, on reasonable use and occupancy. In view of the trial court's denial, we find merit in the defendant's claim.

The notice to quit constituted an unequivocal offer to terminate the monthly rental. Upon its service, the tenancy at will was converted to a tenancy at sufferance. The lease is neither voided nor rescinded until the lessor performs an unequivocal act in the exercise of his option. The issuance of the notice to quit is the undeniable exercise of this option. See *Chapel-High Corporation* v. *Cavallaro,* 141 Conn. 407, 411, 106 A.2d 720 (1954); *Kovner* v. *Dubin,* 104 Conn. 112, 118, 132 A. 473 (1926); 2 Tiffany, Landlord and Tenant p. 1769.

The plaintiff's reliance on General Statutes § 47a-3c[3] is misdirected. The statute codifies the tenant's obligation, implied at common law, to pay a fair rental value in the absence of an agreement. Section 47a-3c cannot be relied upon as an unpleaded cause of action. The trial court's conclusion that past practices of rental payment constituted a fair barometer of reasonable use and occupancy, although not incorrect, misspeaks the issue. The question is not the value of the apartment subsequent to the notice to quit, but whether recovery for use and occupancy can result from a pleading of an oral monthly tenancy.

---

[3] General Statutes § 47a-3c provides that: "In the absence of agreement, the tenant shall pay the fair rental value for the use and occupancy of the dwelling unit."

"The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. . . . 'It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496 [1950].' . . . '[I]t is still the law that the allegations of the complaint provide the measure of recovery.' *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338 [1957]." *Lundberg* v. *Kovacs,* 172 Conn. 229, 232–33, 374 A.2d 201 (1977). "Facts proved but not averred cannot be made the basis of a recovery." (Citations omitted.) *Kane* v. *Kane,* 120 Conn. 184, 189, 180 A. 308 (1935). "This is not an instance of the omission of an allegation essential to the cause of action which the plaintiff obviously intended to state . . . . It is, rather, one in which judgment was entered on a cause of action different from the one set up in the complaint." *Nash Engineering Co.* v. *Norwalk,* supra, 239–40.

## III

The plaintiff assigns as error in its cross appeal, the trial court's refusal to allow evidence of incurred attorney's fees as part of its damages. It is axiomatic that attorney's fees are recoverable as an item of damages when allowed by statute or contract. *State* v. *Bloomfield Construction Co., Inc.,* 126 Conn. 349, 359, 11 A.2d 382 (1940).

The prayer for relief in the original complaint sought to recover attorney's fees. In response to the defendant's motions to strike the claim for attorney's fees, the plaintiff submitted an amended complaint deleting this item for its prayer for relief. Although the issue was not addressed in the memorandum of decision, the record clearly shows the exclusion was based on the plaintiff's withdrawal of attorney's fees in its first amended complaint.

The exclusion was proper for two reasons: (1) novation, and (2) failure to allege this claim in the complaint. "Novation may be broadly defined as a substitution of a new contract or obligation for an old one which is thereby extinguished." 15 Williston, Contracts (3d Ed. Jaeger) § 1865. A recognized test for whether a later agreement between the same parties to an earlier contract constitutes a substitute contract looks to the terms of the second contract. If it contains " 'terms inconsistent with the former contract, so that the two cannot stand together' it exhibits characteristics . . . indicating a substitute contract." *Riverside Coal Co.* v. *American Coal Co.,* 107 Conn. 40, 45, 139 A. 276 (1927). The rent under the written lease was $540 per month. Upon its expiration, the parties agreed to monthly rent of $570. The increased rent is a term inconsistent with the rent specified in the lease. The parties' oral monthly tenancy therefore was neither an extension of the lease nor a holdover tenancy. Accordingly, the tenant's obligation to pay attorney's fees was extinguished upon the termination of the written lease.

The complaint contained no allegations regarding attorney's fees. In a similar situation, we held that "[n]o judgment could be rendered, therefore, awarding counsel fees . . . since the matter was wholly outside the issues raised by the pertinent pleadings." *Santini* v. *Kocher,* 38 Conn. Sup. 506, 508, 452 A.2d 318 (1982).

Where a lease provides for costs and attorney's fees in connection with the collection of holdover rentals, we would not hesitate to assess such expenditures. *Heyde* v. *State Securities,* 63 N.M. 395, 320 P.2d 747 (1958). In this instance, however, a novation and failure to allege attorney's fees and costs precludes our assessing such damages.

The plaintiff may recover rent in the sum of $570 per month for the period from March 1, 1980, to August 15, 1980, and $22 per month for parking charges from February 1, 1980, to August 15, 1980. The parties do

not dispute the trial court's award of $90 to the plaintiff for an unpaid rental balance and $490 to the defendant on his counterclaim and security deposit set off.

There is error in part. The judgment is set aside and the case is remanded with direction to render judgment for the plaintiff on the complaint in the sum of $3368 and for the defendant on the counterclaim in the sum of $490.

In this opinion DALY and COVELLO, Js., concurred.