[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Anne T. Barnett-Zauner commenced the instant summary process action against the defendants, Joel Burton Ahrens and Joyce Ahrens by writ, summons and complaint dated February 24, 1993, seeking possession of the premises located at 21 Beaver Dam Road, Salisbury, Connecticut ("premises").
On November 15, 1991, the defendants entered a written, one-year lease for the use and occupancy of the premises with the then life tenant, Brewer. On November 15, 1992, the defendants' lease expired by lapse of time. Thereafter, the defendants remained in possession of the premises. By letter dated January 13, 1993, the plaintiff gave the defendants notice that they were to quit possession of the premises on or before February 15, 1993. The defendants did not quit possession of the premises and the plaintiff subsequently commenced the instant action seeking possession of the premises. The defendants have now moved to dismiss the action claiming that this court lacks subject matter jurisdiction on the grounds that the plaintiff's notice to quit does not comply with General Statutes 47a-15
and that the plaintiff's letter dated January 22, 1993, constitutes a revocation of the plaintiff's notice to quit.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "Whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988).
In the defendants' memorandum in support of the motion to dismiss, the defendants contend that this court lacks subject matter jurisdiction over the instant action because the plaintiff's notice to quit does not comply with General Statutes 47a-15. The defendants' argument, however, is without merit; General Statutes 47a-15 does not apply to the case at bar.
General Statutes 47a-15 provides in pertinent part:
 Noncompliance by tenant. Remedy of Breach by tenant. Landlord's remedies. Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under sections 47a-23b, inclusive, to evict based on nonpayment of rent, CT Page 5440 on conduct by the tenant which constitutes a serious nuisance or on a violation of subsection (h) of section 47a-11, if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9 and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice.
General Statutes 47a-15. (Emphasis added).
General Statutes 47a-15 is entitled "Noncompliance by tenant. Remedy of breach by tenant. Landlord's remedies." By its title, and also by its terms, the statute only applies to situations where the tenant has breached the parties' rental agreement or not complied with the regulatory rules adopted in accordance with General Statutes 47a-9. The purpose of the statute is to provide the tenant a thirty-day grace period in which to cure the alleged breach.
In the case at bar, the plaintiff does not seek to evict the defendants based on a breach of the parties' rental agreement or of certain regulatory rules. The rental agreement — lease — has expired. The plaintiff seeks possession of the premises because the defendants no longer have a legal right to possess the premises.
When a tenant holds over after the termination of a written lease, it creates a tenancy at will. Welk v. Bidwell, 136 Conn. 603, 608, (1950); Bushnell Plaza Development Corp. v. Fazzano, 38 Conn. Sup. 683, 685
(1983). In a case where the lease provided for monthly rental payments, the tenancy at will is a rental on a month-to-month basis. Id. The tenancy for each month is separate from that of every other month. Berlingo v. Sterling Ocean House Inc., 5 Conn. App. 302, 307 (1985). For each month, therefore, there must be a renewal of the rental agreement. Id. Generally, such a renewal is presumed where the tenant pays the rent and the landlord acquiesces in the tenant's possession of the premises. See e.g., Lasko v. Consumers Petroleum of Connecticut, Inc., 547 F. Sup. 211 (1981).
In the case at bar, however, the plaintiff by letter dated January 13, 1993, gave the defendants unequivocal notice of her intent not to renew the month-to-month tenancy on February 15, 1993. Upon service of a notice to quit, the month-to-month tenancy is terminated and a tenancy at CT Page 5441 sufferance is created. Bushnell Plaza, supra 686. Therefore the plaintiff seeks possession of the premises because the defendants no longer have a legal right to possess the premises, not because they breached the parties' rental agreement. Accordingly, General Statutes 47a-15 is inapplicable to the instant action.
Moreover, by the statute's specific terms, a landlord must comply with the statute's provisions, "except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive." General Statutes 47a-15. In the case at bar, the plaintiff, as evidenced by the notice to quit dated January 13, 1993 and the complaint dated February 24, 1993, elected to proceed under sections 47a-23 to 47a-23b, inclusive. Thus, General Statutes 47a-15 is inapplicable to the case at bar.
The plaintiff's notice to quit dated January 13, 1993 constituted an unequivocal act terminating the parties' tenancy at will. Bushnell Plaza Development Corp. v. Fazzano, 38 Conn. Sup. 683, 686 (1983). "Upon its service, the tenancy at will was converted to a tenancy at sufferance." Id. Therefore, in the instant action, the defendants became tenants at sufferance when the notice to quit was served on January 15, 1993.
The defendants also contend that the plaintiff's letter dated January 22, 1993, constitutes a revocation of the plaintiff's notice to quit and thus a waiver of her rights to proceed after notice. However, a landlord's unilateral action or conduct not assented to by the tenant, cannot have the effect of abrogating the legal consequences of the notice to quit. See Annotation, 120 A.L.R. 557, 558 (1939); Landlord and Tenant, 50 Am.Jur.2d 1214 (1992). In order to have an effective revocation of a notice to quit, the landlord and tenant must, by mutual agreement, agree to withdraw the notice or enter a new tenancy. See, e.g., Kligerman v. Robinson, 140 Conn. 219, 222, (1953) (implicit agreement to renew lease found where after service of notice to quit landlord accepted tenant's tender of rent); In re Pickus, 26 B.R. 171, 174 (D. Conn. 1982) (agreement to renew lease found where landlord sent letter indicating tenant's failure to provide landlord with notice of intent to leave premises at end of lease period would constitute a renewal of the lease and tenants in fact failed to provide such notice); O P Realty v. Santana, 17 Conn. App. 314,315, (1989) (agreement to renew lease not found where prior to accepting tenant's tender of rent after service of notice to quit, landlord notified tenant that such payments would be accepted for "use and occupancy only"). Accordingly, unsuccessful negotiations to create a new lease do not constitute a waiver of a landlord's rights acquired by serving a timely and unequivocal notice to quit.
In the case at bar, the defendants did not accept the plaintiff's CT Page 5442 offer to enter a new rental agreement. There has been no mutual agreement to renew the lease, thus abrogating the legal consequences of the plaintiff's notice to quit. Moreover, the plaintiff's letter dated January 22, 1993, by its terms, recognized that the defendants were to quit possession of the premises on February 15, 1993, unless the defendants accepted her offer. The defendants thus remain tenants at sufferance subject to eviction by the plaintiff, and accordingly, this court does not lack subject matter jurisdiction over the instant action.
Accordingly, for all the foregoing reasons, the defendants' motion to dismiss is denied.
GILL, J.