[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Citytrust commenced an action to collect on a note against James E. Conant, Rita Conant, and Roy B. Smith, returnable to this court on May 14, 1991. On August 9, 1991, Citytrust was declared insolvent and the Federal Deposit Insurance Corporation ["FDIC"] took over its assets. On August 29, 1991, the court (Katz, J.) granted a motion to substitute the FDIC as party-plaintiff in this case. On April 6, 1992, judgment entered against defendant Smith after he was defaulted for failure to plead and on September 3, 1992, the FDIC withdrew the action as to Rita Conant. Therefore, James E. Conant is the sole remaining defendant in this action.
On January 10, 1992, the defendant James E. Conant [hereafter CT Page 9041 "Conant" or "defendant"] filed an answer, special defense and crossclaim.[1] In the special defense, Conant alleged that on or about September 1990, he and Citytrust entered into a novation of the original note entered into between the parties "pursuant to which plaintiff [sic] agreed to a one year extension for payment on the loan on the condition that James E. Conant provided security in the form of a mortgage on his residence." In its reply filed December 7, 1992, the FDIC denied the allegations of the special defense and asserted that it was barred under the terms of12 U.S.C. § 1821, et seq. and the D'Oench, Duhme[2] doctrine.
On March 2, 1993, the FDIC filed a motion for summary judgment (#121) along with a supporting memorandum (#122), affidavit of debt, and certain exhibits. The FDIC asserts that there is no genuine issue of material fact as to the complaint or Conant's special defense and that it is entitled to judgment as a matter of law. Conant filed a memorandum in opposition (#126) on July 2, 1993 with a single exhibit[3] attached but without any affidavit or other documentary evidence.
The undisputed facts are as follows: On August 7, 1989, James E. Conant and Roy B. Smith executed a promissory note with Citytrust in the amount of $110,000. The note provided that in the event of default, Conant and Smith would become liable for late charges, interest and cost of collection, including reasonable attorney's fees. There was certain correspondence concerning the extension of the note between James McGuire, a vice-president of Citytrust, and James E. Conant in July, September, and December 1990. The sum of $108,815.97 in principal, plus interest and late fees, is presently due and owing on the note.
Summary judgment is appropriate only if the pleadings and other proof submitted in connection with the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The burden is on the moving party to show "the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy its burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. [Citation omitted.]" Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971).
The test for a summary judgment motion is whether a party CT Page 9042 would be entitled to a directed verdict on the same facts. . . ." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). The court does not decide material factual issues upon a motion for summary judgment, but only determines "whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The court must consider the evidence in the light most favorable to the nonmovant, Catz v. Rubenstein, 201 Conn. 39, 49, 513 A.2d 98 (1986), who must be "given the benefit of all favorable inferences that can be drawn." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 380, 260 A.2d 596 (1969).
Applying these standards in this case, the court concludes that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law. Since Conant has admitted he executed the original note and has not challenged the affidavit of debt, the only material fact at issue is whether there was a novation, as Conant has alleged in his special defense, and whether any such novation would be a legally sufficient defense against the rights of the FDIC.
First, the court finds that there is no evidence of a novation and thus no genuine factual issue presented. The term novation is most frequently used to describe a substituted contract introducing a new party, see Mace v. Conde Nast Publication, Inc.,155 Conn. 680, 688, 237 A.2d 360 (1967), but it has also been used when the same parties enter into a new agreement. See Corbin on Contracts 1293 (1962), citing Riverside Coal Co. v. American Coal Co., 107 Conn. 40, 149 A. 276 (1927); Bushnell Plaza Development Corp. v. Fazzano, 38 Conn. Sup. 683, 688,460 A.2d 1311 (App. Sess. 1983).
 "Novation may be broadly defined as a substitution of a new contract or obligation for an old one which is thereby extinguished." 15 Williston, Contracts (3d Ed. Jaeger) 1865. A recognized test for whether a later agreement between the same parties to an earlier contract constitutes a substitute contract looks to the terms of the second contract. It contains. "`terms inconsistent with the former contract, so that the two cannot stand together'" it exhibits characteristics . . . indicating a substitute contract." Riverside Coal Co. v. American Coal Co., 107 Conn. 40, 45, 139 A. 276 (1927). Id. at 688.
The validity of a substitute contract, however, is "determined in the same manner as in the case of any other contract, with respect CT Page 9043 to such matters as mutual assent and consideration." Corbin on Contracts 1293.
As evidence to support his claim that there is a genuine factual issue concerning novation in this case, Conant provided a copy of a letter from James McGuire, a vice-president of Citytrust. In the letter, Mr. McGuire writes about extending the loan if certain conditions are met, specifically the provision of mortgage security and a payment of a portion of the principal to reduce the loan balance. The letter, however, is not evidence of any mutual agreement or any finalized agreement between the parties. Thus, Conant has not provided evidence of a valid substituted contract. Indeed, there is nothing before the court that even raises the issue of a valid substituted contract.
Furthermore, even if the court were to conclude that there is a genuine issue of material fact concerning a novation, such an agreement in this case could not survive the dual barriers of D'Oench, Duhme Co. v. FDIC, 315 U.S. 417, 62 S.Ct. 676,86 L.Ed. 956 (1942) [hereafter [D'DOench] and 12 U.S.C. § 1823(e). Thus, the FDIC is entitled to judgment as a matter of law.
The common law D'Oench doctrine and 18 U.S.C. § 1823(e) bar the assertion against the FDIC of any defense premised on any unrecorded agreement between the borrower and a failed institution that does not satisfy all four requirements of 1823(e)[4]. The term "agreement" under the common law and as used in 1823(e) is defined broadly to include all conditions upon performance, Langley v. FDIC, 484 U.S. 86, 91, 108 S.Ct. 396,98 L.Ed.2d 340 (1987), and any "scheme or arrangement that is likely to mislead the banking authorities." Id. at 93; D'Oench, Duhme Co. v. FDIC, 315 U.S. at 460. While the statute only "partially" codifies the D'Oench doctrine, see Vernon v. Resolution Trust Corp., 907 F.2d 1101, 1105 (11th Cir. 1990), "courts have found the aims of section 1823(e) and D'Oench identical and thus have construed defenses premised upon section 1823(e) and D'Oench in tandem." Twin Construction. Inc. v. Boca Raton. Inc., 925 F.2d 378, 382 (11th Cir. 1991).
Courts have applied the common law and 1823(e) to protect the FDIC from a variety of claims including those premised on secret agreements, unwritten agreements, fraud in the inducement, state and common law fraud, alleged violations of federal securities laws and other federal statutes, and certain affirmative CT Page 9044 defenses. See NCNB Texas Natl. Bank v. King, 964 F.2d 1468,1470-71 (5th Cir. 1991); Twin Construction. Inc. v. Boca Raton, Inc., 925 F.2d at 382 and cases cited therein; Kilpatrick v. Riddle,907 F.2d 1523, 1528-29 (5th Cir. 1990), cert. denied sub nom. Rogers v. FDIC, 498 U.S. 1083, 111 S.Ct. 954,112 L.Ed.2d 1042
(1991); Vernon v. Resolution Trust Corp., 907 F.2d at 1105-06
and cases cited therein. "The D'Oench doctrine . . . estops a party from asserting any claim against the FDIC based on oral representations, agreements or conditions that are not reflected in the books and records of the failed bank." First City National Bank v. FDIC, 730 F. Sup. 501, 510 (E.D.N.Y. 1990).
As the party claiming the benefit of a novation, Conant must establish that his alleged substitute contract with Citytrust satisfies 1823(e) in order for it to be valid against the FDIC. Thus, Conant would have to establish that he had a written agreement with Citytrust which was an original record of the bank executed "contemporaneously with the acquisition of the asset" approved by the bank's board of directors or loan committee and reflected in the appropriate bank minutes. 12 U.S.C. § 1823(e); see e.g., FDIC v. Wright, 942 F.2d 1089, 1100 (7th Cir. 1991); FDIC v. Manatt, 922 F.2d 486, 489-90 (8th Cir. 1991) (Gibson, J. concurring); FDIC v. P.L.M. International, Inc., 834 F.2d 248, 253 (1st Cir. 1987) Resolution Trust Corp. v. Crow, 763 F. Sup. 887,892-94 (N.D. Tex. 1991); FDIC v. Friedland, 758 F. Sup. 941,943 (S.D.N.Y. 1991). He has not alleged any of these requisites nor submitted proof by way of affidavit or exhibit in opposition to the motion for summary judgment that raises a genuine issue of fact concerning these elements. The McGuire letter that Conant relies upon does not satisfy the requirements of 1823(e). Accordingly, his claim of a novation is barred as a matter of law by D'Oench and 1823(e).
Conant asserts, however, that his special defense "raises an issue of fact as to the circumstances surrounding the novation" which supports a claimed violation of the covenant of good faith and fair dealing. While courts have recognized that under certain circumstances the D'Oench doctrine would not necessarily bar a claim of breach of the covenant of good faith and fair dealing, see FDIC v. P.P.S. Associates, 1992 WL 309929, Civ. No. 5:91CV00518 (EBB) (D. Conn. Sept. 25, 1992); CBT v. Lee,7 CSCR 1137, 1138 (Oct. 19, 1992) (Ryan, J), the defendant faces three obstacles in this case.
First, he never specifically alleged a violation of the covenant CT Page 9045 of good faith and fair dealing in his special defense. See Warner v. Konover, 210 Conn. 150, 156, 553 A.2d 1138 (1989).
 The concept of good faith and fair dealing is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Magnan v. Anaconda Industries. Inc., [193 Conn. 558], 567.
Verrastro v. Middlesex Insurance Co., 207 Conn. 179, 190,540 A.2d 693 (1988). Since the meaning of the term "good faith" varies with its context, see Warner v. Konover, 210 Conn. at 155; Magnan v. Anaconda Industries Inc., 193 Conn. 558, 568, n. 18,479 A.2d 787 (1984), a defense asserting the violation of the covenant of good faith and fair dealing should at least contain factual allegations specific enough to place the alleged bad faith and unfair dealing in context. Second, Conant has not set forth the underlying basis for any claim that the covenant of good faith and fair dealing was violated by way of affidavit, documentary evidence or other proof. Third, the D'Oench doctrine and 1823(e) effectively preclude Conant from relying upon "the circumstances surrounding the novation" to establish bad faith or unfair dealing. As the court said in Citytrust v. Allen, Civ. No. 5:91CV00597 (EBB) (D. Conn. July 8, 1993):
 On a summary judgment motion, when faced with a claim that the covenant of good faith and fair dealing has been violated, [the] court must analyze the underlying basis for such an allegation. Allegations that are not valid under D'Oench, Duhme cannot be transformed into valid defenses and claims merely by artfully pleading that the claims and defenses that are otherwise barred by D'Oench, Duhme also constitute violations of the covenant of good faith and fair dealing. The allegation that Citytrust's conduct violated the covenant of good faith and fair dealing in this case cannot defeat the FDIC's motion for summary judgment.
Accordingly, having found no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law, the motion for summary judgment is granted.
Lager, J. CT Page 9046