[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The prevailing parties in these three consolidated cases CT Page 210-C request an award of attorney's fees.
Prior to his death, Donato D. Antone, Sr. executed a statutory short form power of attorney pursuant to General Statutes § 1-43 appointing the defendant, Norman Staphos, as his attorney-in-fact. Staphos, attempting to use his authority as such attorney-in-fact, gave away as gifts various assets of Antone, specifically, half the interest in commercial property on Farmington Avenue in Hartford to Staphos' sister, Linda Wosczyna; the ownership of an undeveloped lot in Becket, Massachusetts to Staphos' now wife, Albina Cardin; and cash from checking and savings accounts to himself and Wosczyna. The estate of Donato D. Antone, Sr. commenced an action to recover the above assets.
This court found that the statutory short form power of attorney was a contract of agency creating a principal-agent relationship between Antone and Staphos, and any gift made by Staphos as Antone's agent must be done within the framework of his fiduciary responsibilities. It further found that Staphos as Antone's agent was acting in his own self-interest or in the interest of others, and not on behalf of the principal, Antone, when he made the transfers in question. As a result, this court concluded that Staphos willfully, deliberately and intentionally violated his fiduciary responsibilities, and on September 26 1996 entered the following orders: CT Page 210-D
1. The defendant Albina Cardin is ordered to convey to the Estate of Donato D. Antone all right, title and interest she has in the real estate located in Becket, Massachusetts unencumbered by any mortgage. This must be done prior to November 15, 1996.
2. The Estate of Donato D. Antone is the rightful owner of the interest which Donato Antone held at the time of his death to the premises at 495 Farmington Avenue, Hartford, Connecticut and Linda Wosczyna is ordered to execute such deed as is necessary to transfer to the Estate any interest that appears on the land records to be hers in said real estate. This must be done prior to November 15, 1996.
3. Linda Wosczyna must pay to the Estate of Donato D. Antone the sum of $500 prior to November 15, 1996.
4. Norman Staphos must pay the sum of $8,937.44 to the Estate of Donato D. Antone prior to November 15, 1996.
5. The court will conduct a hearing on December 3, 1996 at 10:00 a.m. in Courtroom 104 to determine if any further costs, damage or attorneys' fees should be awarded.
This decision follows the December 3, 1996 hearing. "The CT Page 210-E general rule of law known as the `American rule' is that attorney's fees and ordinary expenses and burdens of litigation are not allowed [either as costs or damages] to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) 24 Leggett Street Ltd. Partnership v.Beacon Industries, Inc., 239 Conn. 284, 311. "Apart from certain special exceptions, that rule obtains whether the action is legal or equitable in nature, whether the successful litigant is plaintiff or defendant, and even though the necessity of engaging in the litigation was caused by the wrongful act of the opposing party." Theodore D. Bross Line Constr. Corp. v. Ryan CraneService Corp., 32 Conn. Sup. 181, 182. "This rule is generally followed throughout the country. Connecticut adheres to the American rule." (Citation omitted.) 24 Leggett Street Ltd.Partnership v. Beacon Industries, Inc., supra, 311.
This rule, however, is not without exceptions. Attorney's fees may be awarded under the following circumstances in Connecticut.
1. Attorney's fees may be awarded "where a specific contractual term provides for the recovery of attorney's fees and costs." 24 Leggett Street Ltd. Partnership v. Beacon Industries,Inc., supra, 239 Conn. 311; see, e.g., Storm Associates, Inc. v.Baumgold, 186 Conn. 237, 245-46; Litton Industries Credit Corp.CT Page 210-Fv. Catanuto, 175 Conn. 69. 76. ("A contract may provide for the payment of attorneys' fees by a defaulting party, but those fees are recoverable solely as a contract right and not as damages") (internal quotation marks omitted).
2. Attorney's fees may be recovered pursuant to a statutory exception. 24 Leggett Street Ltd. Partnership v. BeaconIndustries, Inc., supra, 239 Conn. 311; Fleming v. Garnett,231 Conn. 77, 94 (stating the court "must' respect the legislative prerogative of choosing the special circumstances under which [attorney's fees] awards may be made'; Doe v. Heintz, 204 Conn. 17,29; [the court] require[s] a clear expression of the legislature's intent to create a statutory exception"); O'Learyv. Industrial Park Corp., 211 Conn. 648, 651-52.
3. Attorney's fees may be awarded as a component of punitive damages to compensate a party for litigation expenses, less taxable costs. Triangle Sheet Metal Works, Inc. v. Silver,154 Conn. 116, 127; see O'Leary v. Industrial Park Corp., supra,211 Conn. 651; Markey v. Santangelo, 195 Conn. 76, 80. "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, supra, 195 Conn. 77; CT Page 210-G see Manning v. Michael, 188 Conn. 607, 619; Lawson v. AetnaLife Insurance Company, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 464989 (February 28, 1995, Handy, J.) (stating "[t]he complaint must contain allegations sufficient to inform the court and counsel that punitive damages are being sought"); Pucci v. The Rocky PointClub, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 138676 (March 23, 1995, D'Andrea, J.) (finding a complaint that only alleges claims for "[a]ny and all damages" and "[a]ny other further equitable and legal relief as the court may deem just and proper" does not support a claim for punitive damages).
4. The trial court may assess attorney's fees under its inherent power "where the opposing party has acted in bad faith." (Internal quotation marks omitted.) Fattibene v. Kealey, 18 Conn. App. 344,360; CRM of Connecticut, Inc. v. Chowdhury, 239 Conn. 375. "It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." CRM of Connecticut, Inc. v. Chowdhury, supra, 239 Conn. 394. "This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation." Id. "It applies both to the party and his counsel." Id. "Moreover, the trial court must make a specific finding as to whether counsel's CT Page 210-H [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices." Id. (stating the courts "have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts").
In the present case the plaintiff is not entitled to an award of attorney's fees. Absent any additional language supplied by the parties, the statutory short form power of attorney under General Statutes § 1-43 does not contain a provision for an award for attorney's fees. No Connecticut statute allows attorney's fees to be recovered for breach of a fiduciary duty. Equally important, the plaintiff cannot recover attorney's fees as punitive damages because the plaintiffs complaint did not seek recovery of punitive damages. The plaintiff cannot recover attorney's fees for bad faith absent a finding by the trial court that the opposing party acted in "bad faith," "vexatiously," "wantonly" or for "oppressive reason."
Lastly, attorney's fees cannot be awarded to the plaintiff CT Page 210-I because the plaintiff did not request attorney's fees in its prayer for relief. See Francis T. Zappone Co. v. Mark, 197 Conn. 264,269 (finding a trial court did not err in not awarding attorney's fees in the absence of any claim for attorney's fees in the prayer for relief, and without any offer of evidence during the trial"); Bushnell Plaza Development Corp. v. Fazzano, 39 Conn. Sup. 683, 688 (1983) (stating "failure to allege attorney's fees and costs precludes our assessing such damages");Santini v. Kocher, 38 Conn. Sup. 506, 508 (1982) ("It is an established legal principle that a plaintiff's right to recovery is limited to the allegations of his complaint. Facts proved but not averred cannot be made the basis of a recover"); Kallas v.Harnen, Superior Court, judicial district of Danbury, Docket No. 303611 (May 10, 1996, Stodolink, J.) (finding a plaintiff who requested only monetary damages and did not request attorney's fees could not recover his attorney's fees because the plaintiff's relief was limited to the allegations of his complaint). In the prayer for relief, the plaintiff's only requests in addition to injunctive and declaratory directives were for "damages" and for "an order on the defendant for reasonable payments out of the sums earned by the defendant for services rendered or to be rendered by the plaintiff."
The request for attorney's fees is denied in all three of these consolidated cases. CT Page 210-J
Langenbach, J.