[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated March 1, 2001, the plaintiffs, Ann Pergola and Peter Delutrie, have commenced this action against the defendants, Carol and John Heuschkel, seeking back rental payments.
By way of background, in 1992, by agreement, with the defendant Carol Heuschkel' s father, the defendants took possession of the premises known as Highland Park in Winsted, Connecticut. Heuschkel' s father died on December 18, 1999. The plaintiffs commenced a summary process action[1], which was dismissed by the court on December 1, 2000. On December 15, 2000, the plaintiff initiated a subsequent summary process action[2]. On January 18, 2001, the parties entered into a judgment by stipulation where by the defendants agreed to pay, on February 1, 2001, $1,200 as rent due. The defendants paid the $1,200 for the month of February 2001.
The plaintiff are now seeking from the defendants back rent for the months of September, October, November. December 2000 and January 2001 as well as attorney's fees, costs, interests and reasonable expenses. In their answer dated September 17, 2001, the defendants admitted that they have failed to make fair market rental payments for these months. The trial was held on May 3, 2002. The plaintiffs filed their memorandum of law on June 6 2002. The defendants filed their memorandum of law on June 24, 2002.
The defendants contend that the plaintiffs are not entitled to the fair rental value of the property for those five months because there was no contractual relationship between the plaintiffs and the defendants as required by Connecticut law.
"A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his right thereto has terminated." O'Brien Properties, Inc. v. Rodriquez,215 Conn. 367, 372 (1990). The issuance of a notice to quit creates a tenancy at sufferance. Id. After a notice to quit has been served a CT Page 12540 tenant at sufferance does not have a duty to pay rent. Id. He is, however, obliged to pay a fair rental value in the form of use and occupancy for the dwelling unit." Id. "The obligation is one implied in law and, in this State, derives from Gunn v. Scovil, 4 Day 228 1810), in which the court held that an action of indebtitatus assumpsit could be supported on the implied promise, arising merely from use and occupation of real estate, and without an express promise to pay rent. The obligation is now embodied in General Statutes § 47a-3c." Hackbaarthv. Ross, Superior court, judicial district of New Haven, Housing Session, Docket No. 96-7800 (August 1997, Levin, J.). General Statutes § 47a-3c provides: "In the absence of agreement, the tenant shall pay the fair rental value for the use and occupancy of the dwelling unit."
In this case, it is undisputed that there is no rental agreement between the parties. The plaintiffs here have purchased the property from the estate and subsequently initiated summary process actions in which the defendants were served with a notice to quit[3]. Here, the defendants had rightful possession to the property through the agreement between the defendants and the defendant Carol Heuschkel's father. Their possession, however, became wrongful once the plaintiffs, the subsequent landlord, served the defendants with the notice to quit, thereby, creating a tenancy at sufferance. Since the defendants are tenants at sufferance they are not obligated to pay rent but instead, are obligated to pay the fair market value of the dwelling unit. The defendants admitted in their answer that they have not paid the plaintiffs for the fair market rental payments for the months of September, October, November and December 2001 and January 2001. Therefore, the court concludes that the defendants are liable to the plaintiffs for the fair market value of the use and occupancy of the dwelling until for these five months.
Under General Statutes § 47a-26b (c) "The last agreed-upon rent shall be prima facie evidence of the fair rental value of the premises. The party claiming a different amount shall have the burden of proving that the last agreed-upon rent is not the fair rental value." The parties, in their judgment by stipulation dated January 18, 2001, agreed that the fair market value of the rental payment was $1,200. Since no other evidence has been presented to dispute the fair market value of the rental payments, the court finds that the fair market rental payments should be $1,200.
The plaintiffs also seek to recover attorney's fees. "It is axiomatic that attorney's fees are recoverable as an item of damages when allowed by statute or contract." Bushnell Plaza Development Corp. v. Fazzano,38 Conn. Sup. 683, 687 (1983). Here, there is no applicable CT Page 12541
The defendants are claiming a credit of $4,761.77 against any payments the court may find the defendants owe the plaintiffs. The credit the defendants contend is for various expenses that they paid to cover the costs of heat and utilities for the dwelling unit for the benefit of the plaintiffs. The total of the invoices presented as defendants' exhibits, however, totals $2,246.57. These expenses however, were for the benefit of the defendants and are therefore denied.
The court enters judgment as follows:
$6,000 ($1,200 per month) to be awarded to the plaintiffs.
By the court,
Gill, J.